**Elsa GARCIA, a/k/a Elsa Garcia Santos, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 81–2944.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Sept. 14, 1982.

Decided Oct. 6, 1982.

Winston W. Fraser, Newark, N. J., for petitioner.

Thomas J. McBride, Asst. U. S. Atty., Philadelphia, Pa., Lauri Steven Filppu, Margaret J. Perry, Donald B. Nicholson, General Litigation and Legal Advice Section, Crim. Div., U. S. Dept. of Justice, Washington, D. C., for respondent.

Before ADAMS, HUNTER and BECKER, Circuit Judges.

**350**

## OPINION OF THE COURT

ADAMS, Circuit Judge.

The Immigration and Nationality Act, 8 U.S.C. § 1101 et seq., provides an elaborate procedural system that the government must follow in order to deport an alien residing in this country. Once a final order of deportation has been issued, an alien has six months to file a petition for review of that order in a court of appeals. 8 U.S.C. § 1105a(a). The issue presented in this proceeding is whether a letter notifying the deportee of her date of departure is a final order for purposes of the statute or whether it merely implements a prior final order. We hold that the letter is not a final order, and therefore dismiss this case for want of jurisdiction.

Petitioner, Elsa Garcia, (also known as Elsa Garcia Santos) is a native and citizen of the Philippines. She entered this country in November, 1970 as a nonimmigrant visitor for pleasure, and was authorized to remain here for three years. She did not depart at the end of the three year period, however, and has remained in the United States unlawfully until the present time.

The Immigration and Naturalization Service began deportation proceedings against Garcia in January, 1976. On March 16, 1979, an immigration judge ordered her deported. The Board of Immigration Appeals ("BIA") affirmed most of that order on December 10, 1980. The BIA issued a 6-page single-spaced letter opinion discussing both the evidence and the applicable law. The opinion concluded: "ORDER: The appeal of the female respondent from the immigration judge's denial of her applications for suspension of deportation and withholding of deportation is dismissed. The female respondent's appeal on the matter of voluntary departure is sustained." Unpublished Ruling of the Board of Immigration Appeals, File A19 389 141. Petitioner's Appx. at A–12.

§Three months later, Garcia moved to reopen the deportation proceedings. The BIA denied that motion in a letter opinion dated May 13, 1981. That opinion ends with an order stating that the motion is denied. Both of these decisions are considered final orders for purposes of the statute. *See Giova v. Rosenberg*, 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90 (1964); *Foti v. I. N. S.*, 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963); *Dastmalchi v. I. N. S.*, 660 F.2d 880 (3d Cir. 1981). Garcia did not petition this Court for review of any of these orders within the six month time limit set forth in the statute.

On November 9, 1981, Garcia received two notices from the INS, informing her of the date of her deportation and of the penalties for returning to this country without authorization after deportation. On November 27, 1981, Garcia petitioned this Court for review of those notices. In addition, she requested that the orders of December 10, 1980 and May 13, 1981 be reviewed, maintaining that her petition gave this Court jurisdiction to review all previous orders in her case.

Two lines of decision impel us to reach the conclusion that we lack jurisdiction to review any of the decisions in Garcia's case. First, only those orders issued within the six month time limitation set forth in the statute can be reviewed by a court of appeals. Timely filing as to one order does not vest this Court with jurisdiction to hear "stale" challenges. *Chudshevid v. I. N. S.*, 641 F.2d 780 (9th Cir. 1981); *Bufalino v. I. N. S.*, 473 F.2d 728 (3d Cir. 1973) (Adams, J., concurring). To hold otherwise would defeat the purpose of the statute. Congress enacted the 6-month provision specifically to prevent the undue delays in deportation caused by aliens filing petitions for review long after their immigration status has been decided. 105 Cong. Rec. 12177. Thus, this Court has no jurisdiction to hear Garcia's challenge to the orders of December 10, 1980 and May 13, 1981 inasmuch as those orders were issued more than six months prior to the filing of her petition for review.

Second, the notices which Garcia received on November 9 are not "final orders" and thus are not reviewable by this Court under 8 U.S.C. § 1105a(a). The letters which Garcia received were forms setting forth the date of her departure. They do not purport to be a determination of Gar-

cia's immigration status. Indeed, the letters themselves indicate that a final deportation order had previously been made and promulgated. These letters merely implement that order. The courts of appeals which have ruled on these forms are uniform in holding that they do not have the status of final orders and cannot provide the basis for an appeal from a prior deportation order. *Balas v. I. N. S.,* 518 F.2d 1179 (7th Cir. 1979); *Kladis v. I. N. S.,* 343 F.2d 513 (7th Cir. 1965); *Kassab v. I. N. S.,* 322 F.2d 824 (9th Cir. 1963). There is no reason to take a contrary position here.

Even if these letters could form the basis for an appeal, they would provide no relief for Garcia. BIA decisions are reviewed under an "arbitrary or capricious" standard. Since the BIA had issued a final order of deportation on May 13, 1981 which was not contested at the proper time it was obviously neither arbitrary nor capricious for the INS to send Garcia a letter or letters containing a specific date of deportation that was based on a prior order of deportation.

For the foregoing reasons, the petition for review will be dismissed for want of jurisdiction.