**Edgardo NOCON and Charito Nocon, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 85–3375.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit Rule 12(6) March 19, 1986.

Decided May 5, 1986.

Charlo E. Almeda, Jersey City, N.J., for petitioners.

Alexander Ewing, Jr., Asst. U.S. Atty., Philadelphia, Pa., Robert Kendall, Jr.,

James A. Hunolt, Allen W. Hausman, Linda S. Wendtland, Office of Immigration Litigation, U.S. Dept. of Justice, Washington, D.C., for respondent.

Before HUNTER, MANSMANN, Circuit Judges and McCUNE, District Judge.*

## OPINION OF THE COURT

MANSMANN, Circuit Judge.

In this petition for review we consider two questions: whether The Board of Immigration Appeals (BIA) abused its discretion in denying the petitioners' motion for reconsideration and whether the petitioners' failure to file timely a petition for review within six months of the final deportation order pursuant to 8 U.S.C. § 1105a(a)(1), though filing a timely motion for reconsideration with the BIA, bars our appellate review of the original final deportation order. This second question, involving a timeliness problem under the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*, presents for us an issue of first impression and constitutes the real crux of the appeal before us. Finding no abuse of discretion with regard to the Board's handling of the motion to reconsider and concluding that we have no jurisdiction to review the original deportation order, we will deny the petition for review.

I. *The Case Before the BIA*

The petitioners Edgardo Nocon and Charito Nocon are natives and citizens·of the Philippines who entered the United States on February 20, 1980, as non-immigrant visitors for pleasure with permission to remain until March 31, 1980. This departure date was subsequently extended until June 11, 1980. When they failed to depart, the petitioners were summoned to a deportation hearing which commenced before an Immigration Judge on November 18, 1981. After a lengthy continuance, the hearing resumed on January 28, 1983 with additional evidence being offered on May

---

* Honorable Barron P. McCune of the United States District Court for the Western District of Pennsylvania sitting by designation.

27, 1983 and June 20, 1983. The petitioners' counsel conceded deportability and submitted applications for asylum pursuant to 8 U.S.C. § 1158(a), and for the withholding of deportation pursuant to 8 U.S.C. § 1253(h). The Judge admitted into the hearing record an advisory opinion letter from the State Department counseling against the grant of asylum.

Following testimony by the petitioners and their witnesses to the effect that the petitioners would be arrested and persecuted under the Marcos regime if they returned to the Philippines because of their political affiliations, the Immigration Judge denied the requests for asylum and for the withholding of deportation on June 20, 1983. In his decision, the Judge concluded that the participation of the petitioners in political activity was "quite minimal", and was "basically in the nature of observing." The Judge further wrote that, "The Court is satisfied that neither of the (petitioners) have established that his life or freedom would be threatened in the Philippines on account of race, religion, nationality, membership in a particular social group, or because of political opinion." The Judge then found both the petitioners to be deportable and granted them voluntary departure within thirty days.

On June 23, 1983, the petitioners filed an appeal to the BIA, which affirmed the denials of asylum and the withholding of deportation on October 11, 1984. Subsequently, on October 24, 1984, the petitioners moved to have the BIA reconsider its October 11, 1984 decision and offered three grounds: namely, 1) that they were the beneficiaries of a fourth preference visa petition;[1] 2) that because a Philippine fourth preference visa had only a fourteen month waiting

period, they would ask the BIA to withhold deportation and grant a one year voluntary departure; and 3) that there had not been a proper adjudication of the asylum petitions. This motion to reconsider was denied on April 30, 1985, on the grounds that neither the Immigration Judge nor the Board had the authority to grant extended voluntary departure and that the motion failed to state reasons for reconsideration or to cite pertinent precedent in compliance with 8 C.F.R. § 103.5 (1985).[2]

On July 10, 1985, the petitioners filed a petition for review in the Court of Appeals, seeking review not only of the Board's April 30, 1985 order denying their motion for reconsideration, but also of the original final order of the BIA dated October 11, 1984 which affirmed the Immigration Judge's June 20, 1983 denial of their request for asylum and for the withholding of deportation. Because the petitioners are primarily interested in a review of the final deportation order, we turn to this issue first.

## II. *Jurisdictional Issue*

In their petition for review the petitioners ask us to examine the Board's substantive denial of both asylum and of the withholding of deportation which was finalized in an order dated October 11, 1984. Given the governing statutory directive concerning the appropriate time for filing petitions for review and the applicable dates involved in this case, we are presented with a timeliness problem.

Under the Immigration and Nationality Act, once a final order of deportation has been issued, an alien has six months to file a petition for review of that order in a

---

**1.** Familial relationships can provide the basis for immigration under the Immigration and Nationality Act 8 U.S.C. § 1101 *et seq.* "Fourth preference" refers to qualified immigrants who are married sons or daughters of citizens of the United States. The spouse and children of a fourth preference beneficiary also qualify. *See e.g.*, Steel, *Steel on Immigration Law*, § 5.26 (1985). According to the petitioners' request for asylum, Mrs. Nocon's father is a citizen of the United States.

**2.** In pertinent part the regulation reads:

A motion to reopen shall state the new facts to be proved at the reopened proceeding and shall be supported by affidavits or other evidentiary material. A motion to reconsider shall state the reasons for reconsideration and shall be supported by such precedent decisions as are pertinent.

Court of Appeals. Specifically, the statute provides:

(1) a petition for review may be filed not later than six months from the date of the final deportation order or from the effective date of this section, whichever is the later.

8 U.S.C. § 1105a(a)(1).

In this case, the petition for review was filed almost nine months after the final deportation order had been issued. After the final order of deportation was rendered, however, the petitioners filed with the Board a motion to reconsider on October 24, 1984, which was denied by the Board on April 30, 1985. We must decide whether this motion for reconsideration, which was filed within six months of the date of the final deportation order, stops the running of the six months' appeal period as outlined in 8 U.S.C. § 1105a(a)(1) until the motion is denied or the proceedings have been effectively terminated.

Because this precise question is not covered by the Congressional statute nor directly addressed in legislative history or in prior decisions of our court, we turn to the approach of other courts of appeals. In essence, the petitioners urge us to review the underlying deportation order consistent with the "flexible interpretation" of this timeliness question set forth by the Court of Appeals for the Ninth Circuit in *Bregman v. Immigration and Naturalization Service*, 351 F.2d 401 (9th Cir.1965). In *Bregman*, the Court of Appeals held that the six month limitation period for seeking review of final orders of deportation under 8 U.S.C. § 1105a(a)(1) is suspended when the alien files a motion *to reopen* before the Board within six months of the final

order of deportation and the petition for review to the Court of Appeals is within six months of the denial of that motion.

Under the *Bregman* analysis, when this procedure is followed, the Court of Appeals has jurisdiction to review both the original final order of deportation and the denial of the motion to reopen. The same result obtains where a motion *for reconsideration* is filed by the alien within six months of the final deportation order, and the alien files his petition for review in the Court of Appeals within six months of the Board order disposing of the reconsideration motion. *Hyun Joon Chung v. I.N.S.*, 720 F.2d 1471 (9th Cir.), *cert. denied*, 467 U.S. 1216, 104 S.Ct. 2659, 81 L.Ed.2d 366 (1984). This position, according to the Court of Appeals for the Ninth Circuit, is "in keeping with the intention of Congress to create a process in which there was a single judicial review of all questions relating to an alien's deportation." *Id.* at 1474.[3]

We reject the position and rationale of the Court of Appeals for the Ninth Circuit, and although we have not directly considered the issue previously, prior decisions of our court are instructive. In a concurring opinion in *Bufalino v. Immigration and Naturalization Service*, 473 F.2d 728 (3d Cir.), *cert. denied*, 412 U.S. 928, 93 S.Ct. 2751, 37 L.Ed.2d 155 (1973), Judge Adams, discussing the extent of the Court's jurisdiction with regard to a petition for review of a final deportation order, wrote:

Jurisdiction is here limited by 8 U.S.C. § 1105a(a)(1): 'a petition for review may be filed not later than six months from the date of the final deportation order....' Although we may review judg-

---

**3.** Although the Supreme Court has not specifically addressed this timeliness issue under 8 U.S.C. § 1105a(a)(1), it did note the *Bregman* decision in *Woodby v. Immigration and Naturalization Service*, 385 U.S. 276, 286–87 n. 20, 87 S.Ct. 483, 488–89 n. 20, 17 L.Ed.2d 362 (1966). The Court, however, did not indicate whether it endorsed or rejected the Ninth Circuit's position. On the other hand, the Court of Appeals for the District of Columbia has adopted the *Bregman* approach, but "only insofar as it implicitly recognizes that intervening good faith

petitions for administrative relief may toll or suspend the running of the time limit." *Attoh v. Immigration and Naturalization Service*, 606 F.2d 1273, 1275–76 n. 15 (D.C.Cir.1979). In *Attoh*, the Court of Appeals for the District of Columbia recognized that the *Bregman* approach to the timeliness question "might well be troubling in a case whether there have been repeated and arguably frivolous motions to reopen or reconsider." *Attoh, supra*, at 1276 n. 15.

ments on motions to reopen, *Giova v. Rosenberg,* 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90 (1964), the right to appeal from an order of deportation is extinguished when the six-month period expires and is not revived by proceedings on a motion to reopen.

In *Garcia v. Immigration and Naturalization Service,* 690 F.2d 349 (3d Cir.1982), the alien had not filed a timely petition for review from either the original deportation order or the order denying the motion to reopen.[4] The alien had, however, moved the Board to reopen his case within three months of the original deportation order. Concluding that we lacked jurisdiction under these circumstances to review any of the decisions in the case, we wrote:

> [O]nly those orders issued within the six month time limit can be reviewed by a court of appeals. Timely filing as to one order does not vest this court with jurisdiction to hear 'stale' challenges. *Chudshevid v. I.N.S.,* 641 F.2d 780 (9th Cir.1981); *Bufalino v. I.N.S.,* 473 F.2d 728 (3d Cir.1973) (Adams, J., concurring). To hold otherwise would defeat the purpose of the statute. Congress enacted the 6-month provision specifically to prevent the undue delay in deportation caused by aliens filing petitions for review long after their immigration status has been decided.

*Id.* at 350.

Again, in *Bak v. United States I.N.S.,* 682 F.2d 441 (3d Cir.1982), we noted in dicta that there was no jurisdiction to review the original deportation order. In *Bak,* the aliens were found to be deportable in an order dated September 8, 1980. No immediate appeal was taken to the Court of Appeals; however, a motion to reopen the hearing was filed before the Immigration Judge and was denied on March 20, 1981. A petition for review to our Court was filed on July 14, 1981, *i.e.,* within six months of the order disposing of the petition to reopen.

Discussing the jurisdictional problem presented in this case due to these filing dates, we observed the following:

> ██ The fact that we have no jurisdiction to review the underlying deportation orders does not end our inquiry, however, for petitioners moved before the immigration judge to reopen their deportation proceedings. These motions were denied on March 20, 1981, and the present petitions were filed within six months of this latter date. The general rule is that a motion to reopen deportation proceedings is a new, independently reviewable order within the jurisdiction of the court of appeals pursuant to section 1105a. *Giova v. Rosenberg,* 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90 (1964), *reversing* 308 F.2d 347 (9th Cir.1962); *see Bufalino v. Immigration and Naturalization Service,* 473 F.2d 728, 737 (3d Cir.1973) (Adams, J. concurring) (while ordinarily "the right to appeal from an order of deportation is extinguished when the six-month period expires," a court of appeals "may review judgments on motions to reopen"; therefore, limited jurisdiction was present to consider whether the INS abused its discretion in denying petitioner's motion to reopen).

*Id.* at 442.

The actual holding of the *Bak* case, however, was not premised upon this jurisdictional basis. Instead, the holding was grounded upon the aliens' failure to exhaust their administrative remedies in accordance with 8 U.S.C. § 1105a(c); in *Bak,* the aliens never sought Board review of the Immigration Judge's denial of their motion to reopen.

██ From these cases, it is clear that we can review final deportation orders, 8 U.S.C. § 1105a, as well as orders denying motions to reopen or reconsider. *Giova v. Rosenberg,* 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90 (1964); *Lopez v. Immigration and Naturalization Service,* 356 F.2d 986

---

4. The final deportation order issued December 10, 1980. Three months later the alien filed a petition to reopen which was denied by the Board on May 13, 1981. The petition for review was filed November 27, 1981.

(3d Cir.), *cert. denied*, 385 U.S. 839, 87 S.Ct. 88, 17 L.Ed.2d 73 (1966). These orders, however, are independently reviewable final orders, and there is a time limit applicable to our review of them. For our court to entertain jurisdiction of either of these final orders, a petition for review must be filed within six months *of the specific order* sought to be reviewed, in compliance with 8 U.S.C. § 1105a(a)(1). We hold that strict compliance with the statutory directive is a jurisdictional prerequisite to judicial review. Contrary to the position advanced by the Court of Appeals for the Ninth Circuit, we do not agree that a timely filing of a motion to reopen or reconsider suspends the six month time period for seeking review of the original, final deportation order pending the outcome of that motion.

As we said in *Garcia*, "to hold otherwise would defeat the purpose of the statute," *Garcia, supra*, at 350, since the imposition of the six month period for seeking review of final deportation orders was designed to prevent undue delay in deportation once the alien's immigration status had been decided. Enacting the Immigration and Nationality Act, Congress was especially sensitive to what it designated as "the growing frequency of judicial actions being instituted by undesirable aliens whose cases ... are brought solely for the purpose of preventing or delaying indefinitely their deportation from this country." H.R. No. 1086, 87th Cong., 1st Sess., *reprinted in* 1961 U.S.Code Cong. & Admin.News 2950, 2967. Protracted litigation was viewed by Congress as a means of exploiting the judicial process. Thus, permitting aliens the benefit of additional time from their filing of motions to reopen or to reconsider[5] would directly contravene Congressional intent to prevent successive, piecemeal appeals from being used as a dilatory tactic to postpone the execution of

deportation orders. Moreover, the six month appeal period seen by Congress to be "sufficient and far beyond the realms of any claim of unfairness, for an alien to determine whether he really has a case upon which he should seek judicial review and to prepare therefore." *Id.* at 2973. We, therefore, conclude that because this petition for review was filed almost nine months after the original deportation order of October 11, 1984, we have no jurisdiction to review that order.

### III. *Motion to Reconsider*

■ Although Congress did not provide a statutory mechanism for reconsideration of BIA decisions, the Attorney General has promulgated regulations under the Immigration and Nationality Act for such procedures. Specifically, 8 C.F.R. § 3.2 (1985) and 8 C.F.R. § 3.8 (1985) outline the appropriate procedures. Under both of these regulations, motions to reconsider must state the reasons for reconsideration and are to be supported by pertinent case precedent. In their motion, the petitioners failed to comply with these requirements. The petitioners not only offered conclusory statements as their reasons for reconsideration but also failed to support their reasons with appropriate case law. Because the petitioners were not in compliance with the prescribed regulations, the Board was justified in denying the motion on this ground and cannot be said to have abused its discretion. *Cf. Reid v. INS*, 756 F.2d 7, 10 (3d Cir.1985).

■ As well, the Board denied the motion on the ground that neither the Board nor the Immigration Judge has authority to grant *extended* voluntary departure. Voluntary departure under 8 U.S.C. § 1254(e) allows the alien to avoid the stigma of deportation and to select his own destination, and also facilitates the possibility of

---

5. It is interesting to note that the regulation governing motions to reopen or to reconsider appears to assume the continuing appealability of the original deportation order, for the regulation prescribes that the motions are "to state whether the validity of the deportation order has been or is the subject of any judicial pro-

ceeding and, if so, the nature and date thereof, the court in which such proceeding took place or is pending, and its result or status." Moreover, according to the regulation, the filing of a motion to reopen or to reconsider would "not serve to stay the execution of any decision made in the case." *See* 8 C.F.R. § 3.8(a).

his return to the United States. *Strantzalis v. INS,* 465 F.2d 1016, 1017 (3d Cir.1972). Originally, the petitioners were granted thirty days voluntary departure by both the Immigration Judge and the Board upon appeal from the denial of asylum and the withholding of deportation. With respect to the extension of time within which an alien may depart voluntarily, 8 C.F.R. § 244.2 (1985) provides that the authority to extend such time is within the "sole discretion of the district director." According to this regulation, "A request by an alien for an extension of time within which to depart voluntarily shall be filed with the district director having jurisdiction over the alien's place of residence." Moreover, under the regulation, written notice of the director's decision is to be served upon the alien and no appeal may be taken therefrom. *See also* 8 C.F.R. § 3.1(b)(2) (1985). Accordingly, there was no abuse of discretion by the Board in its refusal to extend the voluntary departure date, since the Board had no authority to grant such an extension.

## IV. *Conclusion*

For the foregoing reasons, we will deny the petition for review of the Board's April 30, 1985, order denying the petitioners' motion for reconsideration and will dismiss the petition for review of the Board's October 11, 1984, order denying the petitioners' request for asylum and for the withholding of deportation.