**VIRGIN ISLANDS CONSERVATION SOCIETY, INC., Appellant,**

v.

**VIRGIN ISLANDS BOARD OF LAND USE APPEALS, Virgin Islands Coastal Zone Management Commission and Sugar Bay Land Development, Ltd.**

No. 88–3587.

United States Court of Appeals, Third Circuit.

Argued April 26, 1989.

Decided July 25, 1989.

Winston A. Hodge, Law Offices of Winston A. Hodge, P.C., Christiansted, St. Croix U.S.V.I., Elisabeth R. Sauer (argued) Campbell, Morgan & Gibson, P.C., Kansas City, Mo., for appellee Sugar Bay Land Development, Ltd.

Robert G. Dreher (argued), Sierra Club Legal Defense Fund, Washington, D.C., for appellant.

Before HUTCHINSON, COWEN, and GARTH, Circuit Judges.

## OPINION OF THE COURT

COWEN, Circuit Judge.

After the Virgin Islands Board of Land Use Appeals approved construction permits for a hotel complex to be developed by Sugar Bay Land Development, Ltd., the Virgin Islands Conservation Society filed a petition for reconsideration of the Board's decision. This case requires us to decide whether the filing of the petition for reconsideration tolls the running of the statute of limitations during which a party may file a petition for writ of judicial review of a final decision of the Board. We determine that a pending petition for reconsideration tolls the statute of limitations for judicial review. We therefore will reverse the district court's order dismissing the case for lack of jurisdiction.

I.

The Virgin Islands Coastal Zone Management Act, 12 V.I.C. § 901–914 (1982), was enacted in order to harmonize the goals of environmental protection and economic development in the Virgin Islands. 12 V.I.C. §§ 903(b)(1)–(11). The Act was adopted, in part, to ensure the "orderly, balanced utilization and conservation of the resources of the coastal zone, taking into account the social and economic needs of the residents of the Virgin Islands[.]" *Id.* at § 903(b)(4); *see also West Indian Co. v. Government of the Virgin Islands,* 844 F.2d 1007, 1011 (3d Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 31, 102 L.Ed.2d 11 (1988). The Act vests the Virgin Islands Coastal Zone Management Commission ("Commission") with primary authority for implementing the Act through a process of granting permits which are required in order for a person to engage in new development in the coastal zone, 12 V.I.C. §§ 904 and 910. The act also vests the Virgin Islands Board of Land Use Appeals ("Board") with authority to review decisions of the Commission. 12 V.I.C. § 914.

In December of 1986, Sugar Bay Land Development, Ltd. ("Sugar Bay") obtained two permits from the Commission to develop the Virgin Grand Project at Salt River Bay, St. Croix.[1] In January of 1987, the Virgin Islands Conservation Society ("Con-

---

1. The project involves construction of a 288–room hotel, 300 condominium units, a convention center, a pool, and tennis facilities, as well as a 125–slip marina which would require the dredging of an eight-foot deep channel. It is to be located on 75 acres in the Judith's Fancy area of Salt River, and will require expenditures of approximately $100,000,000. *See* District Court Opinion, at 3 n. 3.

servation Society") appealed the Commission's permit approval to the Board, pursuant to 12 V.I.C. § 914.[2] On September 4, 1987, the Board affirmed the Commission's decision.[3] Pursuant to 12 V.I.C. § 914(d), the Board's decision became final four working days later, on September 10, 1987.

On September 24, 1987, the Conservation Society petitioned the Board for reconsideration of its ruling, pursuant to 12 V.I.R. § 914–19(a). On December 17, 1987, the Board reaffirmed the decision of the Commission, and added two conditions to the permits.[4] On December 22, 1987, the Board entered an order denying the petition for reconsideration.

On December 23, 1987, the Conservation Society petitioned the District Court of the Virgin Islands for a writ of review of the Board's September 4 decision and its December 17 decision affirming the Commission's issuance of the development permits to Sugar Bay, pursuant to 12 V.I.C. § 913(d).[5] The district court granted the writ, grnated Sugar Bay leave to intervene as a party respondent, and the parties and several amici filed briefs.

Before oral argument was heard, Sugar Bay asserted that the district court lacked jurisdiction over the writ of review because the Conservation Society failed to comply with the forty-five day statute of limita-

tions contained in section 913(d). The district court determined that the petition for writ of review, filed on December 23, 1987, was filed more than forty-five days after the Board's September 4, 1987 decision, and that the petition for reconsideration before the Board did not toll the period for seeking judicial review. The court therefore held that it lacked jurisdiction under section 913(d), and dismissed the petition in a memorandum and order dated August 4, 1988. The Conservation Society filed a notice of appeal on August 26, 1988. We have jurisdiction under 28 U.S.C. § 1291.

## II.

### A.

■ The issue on appeal is whether the filing of a petition for reconsideration of a Board decision tolls the statutory time limit for filing a petition for writ of review in the district court. The district court held that it did not. The court's dismissal of the suit for lack of jurisdiction presents an issue of law subject to our plenary review, *see United States v. Markus,* 721 F.2d 442, 443 (3d Cir.1983), as does the court's interpretation of the Virgin Islands Coastal Zone Management Act, *see Universal Minerals, Inc. v. C.A. Hughes & Co.,* 669 F.2d 98, 102 (3d Cir.1981).[6]

---

**2.** Section 914(a) reads:

Notwithstanding any provision of law to the contrary, any aggrieved person may file an appeal of an action by the Commission ... taken pursuant to section 910 or 911 of this chapter within forty-five days thereof with the Board of Land Use Appeals, and such appeal shall be governed solely by the provisions of this section.

**3.** Although the Board denied the Society's appeal, the Board imposed certain additional conditions to Sugar Bay's permit and reduced the scope of the proposed project. For example, it reduced the number of marina slips, the number of buildings, and the height of certain buildings. App. at 34.

**4.** The Board added requirements that Sugar Bay plant wild mangroves within the project area and obtain a water quality report from the Virgin Islands Department of Planning and Natural Resources. App. at 202–03.

**5.** Although the Conservation Society's brief describes the substantive environmental bases un-

derlying its petition, *see* Appellant's Brief at 5–7, we will not address these issues because this appeal presents a purely procedural question.

**6.** Sugar Bay's argument that we should accord the District Court of the Virgin Islands more deference in its legal determinations regarding Virgin Islands law than we would give to other district courts is erroneous. First, Sugar Bay relies for this proposition on a decision of a panel of the United States Court of Appeals for the Ninth Circuit, *Schenck v. Government of Guam,* 609 F.2d 387, 390 (9th Cir.1979), but that decision has been overruled by the *en banc* Court of Appeals for the Ninth Circuit on that very issue. *See People of the Territory of Guam v. Yang,* 850 F.2d 507, 509–11 (9th Cir.1988) (*en banc*).

More importantly, we have previously stated: [This Court] has always applied the legal error standard in reviewing decisions of the district court of the Virgin Islands on issues of local law. . . . The district court's reading of local law should be respected, but we will not ac-

■ The Virgin Islands statute governing judicial review of Board decisions states:

Pursuant to Title 5, chapter 97 and Appendix V, Rules 10 and 11 of this Code, a petition for writ of review may be filed in the District Court of the Virgin Islands in the case of any person aggrieved by the granting or denial of an application for a coastal zone permit, including a permit or lease for the development or occupancy of the trust lands or other submerged or filled lands, or the issuance of a cease and desist order, *within forty-five days after such decision or order has become final* provided that such administrative remedies as are provided by this chapter have been exhausted.

12 V.I.C. § 913(d) (emphasis added). Thus, section 913(d) grants an aggrieved party forty-five days in which to seek review of a "final" decision by the Board. Another section of the statute, which describes the procedural requirements which the Board must follow when reviewing decisions by the Commission, states that "[t]he Board's action shall be final after four working days following its decision." 12 V.I.C. § 914(d).

Section 913(d) itself does not provide for tolling of the forty-five day limitations period when a petition for reconsideration is filed. The Conservation Society argues, however, that under traditional principles of administrative law, a timely petition for reconsideration before an agency, filed within the time period during which a party may petition for a writ of judicial review, renders the agency decision nonfinal for purposes of judicial review, and thus tolls the period for seeking judicial review.

We think that the federal law is clear that a pending petition for agency reconsideration, timely filed, renders the underlying agency action nonfinal and thus nonreviewable with respect to the filing party. Thus, the statute of limitations for judicial review is tolled until the agency decides the petition for reconsideration. Today we adopt the same principle as a matter of Virgin Islands law. We reach this conclusion guided by recent decisions of the Supreme Court, this Court, and two other courts of appeals.

The Supreme Court, in *ICC v. Brotherhood of Locomotive Engineers*, 482 U.S. 270, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1988), addressed the identical issue in connection with a federal statute. In *Locomotive Engineers*, the Interstate Commerce Commission ("ICC") had denied a union's petition for reconsideration of an ICC order, and the union then sought judicial review of the order. The petition for review was not filed within sixty days of the date the order was served, as required by the Hobbs Act, 28 U.S.C. § 2344, although the petition for administrative reconsideration *was* filed within this period. The Supreme Court held that the union's petition for judicial review "was nonetheless effective, because the timely petition for administrative reconsideration stay[s] the running of the Hobbs Act's limitation period until the petition had been acted upon by the Commission." 482 U.S. at 284, 107 S.Ct. at 2368.[7]

The Court in *Locomotive Engineers* recognized that a contrary conclusion was suggested by the language of 49 U.S.C. § 10327(i), which provides that "[n]otwithstanding" 49 U.S.C. § 10327(g), the provision authorizing the ICC to reopen and reconsider its orders, "an action of the [ICC] is final on the date on which it is served, and a civil action to enforce, enjoin, suspend, or set aside the action may be filed after that date." The Court acknowledged that this could be interpreted to

---

cord it any greater deference than we would in a diversity action.... This has not required a different standard of review.... We will therefore exercise plenary review in considering the district court's holding in this appeal.

*Saludes v. Ramos,* 744 F.2d 992, 993 (3d Cir. 1984) (citations omitted). Thus, our review is plenary in the normal sense of that term.

**7.** Four concurring Justices disagreed with the majority's reasons for reversing the court of appeals, but the concurring Justices agreed with the majority that the union's petition for judicial review was timely. *See* 482 U.S. at 285, 107 S.Ct. at 2369; 482 U.S. at 287–88, 107 S.Ct. at 2370–71 (Stevens, J., concurring).

mean that the pendency of reconsideration petitions does not render ICC orders nonfinal for purposes of triggering the Hobbs Act limitations period for judicial review. 482 U.S. at 284, 107 S.Ct. at 2368.

But the Court drew an analogy between section 10327(i) and section 10(c) of the Administrative Procedure Act, 5 U.S.C. § 704, which provides that "[e]xcept as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section [entitled "Actions Reviewable"] whether or not there has been presented or determined an application for ... any form of reconsideration...." The Court observed that this language.

> has long been construed by this and other courts merely to relieve parties from the *requirement* of petitioning for rehearing before seeking judicial review (unless, of course, specifically required to do so by statute ...), but not to prevent petitions for reconsideration that are actually filed from rendering the orders under reconsideration nonfinal.

482 U.S. at 284–85, 107 S.Ct. at 2368–69 (emphasis in original). The Court noted that it found no basis to distinguish the language of section 10327(i) from that of section 704, and it held that the appeal was timely. 482 U.S. at 285, 107 S.Ct. at 2369. The Conservation Society, like the union in *Locomotive Engineers*, filed its petition for administrative reconsideration pursuant to agency regulations in a timely manner, and within the forty-five day time period in which it could have petitioned for review directly in the district court. Therefore the time period for judicial review was tolled, and the district court had jurisdiction over the petition for review.

In *Cities of Newark, New Castle and Seaford, Delaware v. FERC*, 763 F.2d 533 (3d Cir.1985), several municipalities petitioned for judicial review of an order of the Federal Energy Regulatory Commission ("FERC"). We held that the sixty-day period under section 313(b) of the Federal Power Act for petitioning for judicial review of a FERC order was tolled while FERC considered a timely petition for rehearing of an issue addressed in an earlier order on rehearing. 763 F.2d at 545. We held this to be so even though the rehearing and the review did not involve the same issue.

In *West Penn Power Co. v. EPA*, 860 F.2d 581 (3d Cir.1988), we held that we did not have jurisdiction over a petition for judicial review of an agency decision, because a petition for reconsideration brought by the same party was still pending before the Environmental Protection Agency. The statute at issue, section 307(b)(1) of the Clean Air Act, stated that "[a] petition for review of ... any other final action of the Administrator under this chapter which is locally or regionally applicable may be filed only in the United States Court of Appeals for the appropriate circuit." Because the Clean Air Act does not specifically define "finality," we defined finality by reference to the Administrative Procedure Act section which was discussed by way of analogy in *Locomotive Engineers*. We therefore concluded that section 307(b)(1) did not allow simultaneous jurisdiction in the agency and the reviewing court. We stated:

> Finality for purposes of entitlement to judicial review should mean the same thing that finality means for purposes of triggering the time limit for appeal. Thus we find ourselves bound by *Locomotive Engineers*, which interpreted section 704, notwithstanding its literal meaning, as allowing petitions for reconsideration to render agency actions nonfinal.

860 F.2d at 587–88. The instant case raises the issue of tolling rather than jurisdiction, and therefore it is closer factually to *Locomotive Engineers* than to *West Penn Power*. The two issues are inextricably linked for purposes of determining finality, however, and therefore *West Penn Power* also supports our decision today.[8]

---

8. We note that neither *West Penn Power v. EPA*, 860 F.2d 581 (3d Cir.1988) nor *Lavallee Northside Civic Ass'n v. Virgin Islands Coastal Zone Management Comm'n*, 866 F.2d 616 (3d Cir. 1988) (*see infra* n. 12), were decided at the time that the district court rendered its opinion.

Although in *West Penn Power* we expressed some concern with contravening the "plain meaning" of a statute, *see* 860 F.2d at 587, we held that we were bound by the Supreme Court's decision in *Locomotive Engineers.* We also recognized several important policy considerations supporting our decision. First, we noted a concern for judicial efficiency, stating that "permitting simultaneous jurisdiction raises the possibility that a court of appeals will expend extensive judicial time on a case only to have agency reconsideration nullify its efforts." *Id.* at 585 (citation omitted); *see also United Transportation Union v. ICC*, 871 F.2d 1114, 1117 (D.C.Cir.1989) (quoting *Outland v. CAB*, 284 F.2d 224, 227 (D.C.Cir.1960)) ("[W]hen the party elects to seek a rehearing there is always a possibility that the order complained of will be modified in a way which renders judicial review unnecessary").

Second, in a case like this one, litigants seeking reconsideration of an agency action would be forced to file "protective appeals" in the courts in order to preserve their right to judicial review, because the limitations period for timely review is likely to have expired by the time the agency acts on the reconsideration petition. 860 F.2d at 585.

The Virgin Islands Coastal Zone Management Act allows for judicial review of Board decisions which have become "final," 12 V.I.C. § 913(d), and provides that the "Board's action shall be final after four working days following its decision." 12 V.I.C. § 914(d). In analyzing whether the filing of the petition for reconsideration rendered the Board's decision "nonfinal" for purposes of the statute of limitations

for judicial review, we find it helpful to consider the general definition of finality contained in the APA. The APA provides, in relevant part, that "agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for ... any form of reconsideration...." 5 U.S.C. § 704.

As we noted in *West Penn Power*, however, the legislative history of section 704 indicates that Congress enacted that provision only to establish that a party need not seek administrative reconsideration as a prerequisite to judicial review. Congress did not intend "to alter the prior practice that the pendency of a reconsideration petition was jurisdiction defeating." 860 F.2d at 585; *see also* K. Davis, Administrative Law Treatise § 26:12, at 471 (1983) ("Despite § 704, when a petition for rehearing has been filed, agency action is not final for purposes of review until the agency acts on the petition"). The policy considerations, and especially the concept of finality, which we discussed in *West Penn Power* support the view that a petition for agency reconsideration tolls the period for judicial review.[9]

In addition to our decision in *West Penn Power*, two other circuits have also followed *Locomotive Engineers.* In *United Transportation Union v. ICC*, 871 F.2d 1114 (D.C.Cir.1989), the court faced the issue of whether a party may obtain judicial review of an agency decision that is otherwise final if the party has also filed a petition for reconsideration which remains pending before the agency. The statute at issue was the same as in *Locomotive Engineers.*[10] The court stated: "We think it

9. Sugar Bay argues that, if we hold that petitions for reconsideration toll the limitations period for review, the forty-five day review period provided for in the statute could be frustrated through the seriatim filing of reconsideration petitions with the Board. Such petitions would constantly start a new clock for judicial review. We recognize the potential for abuse here, but we think that an earlier assessment of the problem by this Court aptly addresses this point, and applies to the instant case: "We believe ... that any concern on the part of the [agency] over the prospect of dilatory, repetitive petitions for rehearing can readily be remedied by [agency]

regulation. In any event, there is no intimation in this record that the ... second petition for rehearing was frivolous." *Cities of Newark, New Castle and Seaford, Delaware v. FERC*, 763 F.2d 533, 542–43 (3d Cir.1985).

10. The statute, 49 U.S.C. § 10327(i) (Supp.1989), states in relevant part:

Notwithstanding this subtitle [governing interstate commerce and permitting the Commission to reopen and reconsider its orders], an action of the Commission under this section ... is final on the date on which it is served,

plain that a pending petition for rehearing must render the underlying agency action nonfinal (and hence unreviewable) with respect to the filing party." *Id.* at 1116.

The court in *United Transportation Union* relied not only on *Locomotive Engineers,* but also on *West Penn Power,* discussed *supra,* and on *Winter v. ICC,* 851 F.2d 1056 (8th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 308, 102 L.Ed.2d 327 (1988), discussed *infra.* The court also quoted its own earlier decision:

> Where a motion for rehearing is in fact filed there is no final action until the action is denied.... [W]hen the party elects to seek a rehearing *there is always a possibility that the order complained of will be modified in a way which renders judicial review unnecessary.* Practical considerations therefore dictate that when a petition for rehearing is filed, review may properly be deferred until this has been acted upon.

871 F.2d at 1117 (quoting *Outland v. CAB,* 284 F.2d 224, 227–28 (D.C.Cir.1960) (emphasis added in *United Transportation Union* )).

In *Winter v. ICC,* the court held that a pending petition for reconsideration of an ICC order rendered that order nonfinal and therefore barred judicial review of the order until the petition for reconsideration was decided. 851 F.2d at 1060–62. The court noted:

> [N]o cases hold that the same party may simultaneously seek both judicial and administrative review. We are convinced that under the circumstances of this case *Brotherhood of Locomotive Engineers* stands for the proposition that once the unions filed petitions to reopen and to revoke the exemption, the original [agency decision] became nonfinal.

*Id.*[11]

We recognize that the instant case involves the timeliness of a petition for judicial review, rather than the issue of simultaneous agency and court jurisdiction. As discussed in connection with *West Penn Power, supra,* however, we think that the effect on finality of the filing of a petition for rehearing is the same in the context of both the jurisdictional issue and the timeliness issue. The effect in either case is to render the original agency decision nonfinal. Therefore, both *United Transportation Union* and *Winter,* as well as *West Penn Power,* support our decision in this case.[12]

---

and a civil action to enforce, enjoin, suspend, or set aside the action may be filed after that date.

**11.** The *Winter* court so held, even though it recognized that in multi-party proceedings one party may seek judicial review of an agency decision while another party seeks administrative reconsideration, resulting in both tribunals having jurisdiction. 851 F.2d at 1062. We agree with the *Winter* court in this regard, and we have previously discussed this party-based concept of finality in the multi-party context as being consistent with *Locomotive Engineers. See West Penn Power,* 860 F.2d at 586.

**12.** The parties have also discussed *Lavallee Northside Civic Ass'n v. Virgin Islands Coastal Zone Management Commission,* 866 F.2d 616 (3d Cir.1989), in which we were presented with an issue somewhat analogous to the instant one. In *Lavallee* the appellants, conservation groups, had filed a petition for a writ of judicial review of a Commission decision. The district court dismissed the action for failure to exhaust administrative remedies, as the statute required, because the appellants had failed to appeal the Commission's decision to the Board of Land Use Appeals. We affirmed the district court's decision in the first case. *See id.* at 620–21.

The appellants then petitioned the Board for review of the Commission's decision. The Board dismissed the appeal because it was filed outside the limitations period of forty-five days from the date of the Commission's action. *See* 12 V.I.C. § 914(a). The district court affirmed. On appeal we reversed, holding that the appellants' filing a petition for review in the district court equitably tolled the time for seeking review before the Board, and that the subsequent appeal to the Board was therefore timely. *See* 866 F.2d at 625–27. Therefore we vacated and remanded the district court's decision in the second case. *See id.* at 627.

We do not find *Lavallee* to be particularly helpful in deciding the instant case. In *Lavallee,* the appellants timely filed for review, but did so in the wrong forum—the district court, rather than the Board. By contrast, in the instant case the Society filed for review in the proper forums, and the issue is the timeliness of its petition for judicial review. Moreover, *Lavallee* was decided as an equitable matter, and our decision today, based as it is on *Locomotive Engineers, Cities of Newark,* and *West Penn,* is a legal one. We think that these precedents, rath-

Although the parties have not raised this issue, we feel obliged to note the *stare decisis* framework within which we decide this appeal. In this case we are called upon to construe the Virgin Islands Coastal Zone Management Act. The issue, therefore, is one of Virgin Islands law and not federal law. The cases of the Supreme Court and of this Court, discussed above, are therefore not binding on our decision today, because these cases involve construction of federal statutes, rather than a Virgin Islands statute. Nonetheless, we find these cases highly persuasive because of the similarity between the review provisions of the Virgin Islands Coastal Zone Management Act and those of the federal statutes, the soundness of the well established principles of administrative common law articulated in these cases, and the evident lack of alternative or contrary legislative intent in the Virgin Islands statute. Therefore, we adopt the principle enunciated in *Locomotive Engineers* as the law of the Virgin Islands on this issue.

### B.

On appeal, Sugar Bay urges us not to apply the general administrative law rule providing that a petition for reconsideration tolls the limitations period for judicial review. Sugar Bay argues that our holding in *Nocon v. Immigration and Naturalization Service,* 789 F.2d 1028 (3d Cir. 1986), applies to our construction of the Virgin Islands Coastal Zone Management Act in this case.

In *Nocon,* the appellants submitted applications for asylum and withholding of deportation, which were denied by an immigration judge. The Board of Immigration Appeals affirmed and denied the appellants' motion for reconsideration, and the appellants appealed to this Court. We held that the timely filing of the motion to reconsider before the agency did not suspend the statutory six-month time period for seeking judicial review of the original, final deportation order. We held that we had no jurisdiction to review the original deportation order, as the petition for review was filed more than six months after the order, and we therefore denied the petition for review.

Appellants' reliance on *Nocon* is misplaced, however, because our holding must be understood in the context of the immigration statute at issue in that case. We noted that Congress designed the six-month period for seeking review of final deportation orders in order to expedite deportation once the alien's immigration status had been decided. We stated:

> Enacting the Immigration and Nationality Act, Congress was especially sensitive to what it designated as "the growing frequency of judicial actions being instituted by undesirable aliens whose cases . . . are brought solely for the purpose of preventing or delaying indefinitely their deportation from this country." H.R. No. 1086, 87th Cong., 1st Sess., *reprinted in* 1961 U.S. Code Cong. & Admin. News 2950, 2967. Protracted litigation was viewed by Congress as a means of exploiting the judicial process. Thus, permitting aliens the benefit of additional time from their filing of motions to reopen or to reconsider would directly contravene Congressional intent to prevent successive, piecemeal appeals from being used as a dilatory tactic to postpone the execution of deportation orders.

789 F.2d at 1033 (footnote omitted). Based on this expressed legislative concern with expedited resolution of immigration disputes, we held that we had no jurisdiction over the untimely petition for review. *See also Garcia v. Immigration and Naturalization Service,* 690 F.2d 349, 350 (3d Cir. 1982) ("[O]nly those orders issued within the six month time limitation set forth in the statute can be reviewed by a court of appeals. . . . To hold otherwise would defeat the purpose of the statute. Congress enacted the 6-month provision specifically to prevent the undue delays in deportation caused by aliens filing petitions for review long after their immigration status has been decided.").

er than *Lavallee,* speak directly to the circum-

stances of this case.

Appellants have brought to our attention no evidence in the Virgin Islands Coastal Zone Management Act of an urgent legislative concern with expedited review similar to that expressed in the immigration statute. Thus, we have no reason not to apply the traditional administrative law principles discussed above, which provide that the petition for reconsideration tolls the running of the limitation period for judicial review in this case.

■ Finally, the Appellees argue that, if we determine that the district court has jurisdiction over this case, we should review the underlying issue on the merits rather than remanding it to the district court. *See* Appellees' Brief, at 26–31. We see no reason, however, to engage in initial review of substantial issues which were not reached by the district court. *See Patterson v. Cuyler*, 729 F.2d 925, 929 (3d Cir. 1984) (noting "the well-established rule that absent compelling circumstances an appellate court will not consider issues that are raised for the first time on appeal") (citations omitted). We find the Appellees' argument to be without merit.

### III.

The Conservation Society also argues that, even if the petition for rehearing of the Board's September 1987 order did not toll the limitations period for judicial review, the Conservation Society's petition was nonetheless timely to obtain judicial review of the order effectuating the Board's amended and reissued decision of December 17, 1987. The Board on December 17 reissued its original decision affirming the Commission's issuance of coastal zone permits to Sugar Bay, and on Decem-

ber 22 entered an order to that effect. The Conservation Society argues that this represented a new final order from which it timely petitioned for judicial review on December 23, 1987, well within the forty-five day limit.

In its petition for writ of review, the Conservation Society requested review of both the Board's September 4 decision and its December 17 decision.[13] Sugar Bay argues, however, that the Board's December 17 decision was merely a "corrective decision" in which the Board included several matters which it had mistakenly omitted from its September decision. Thus, Sugar Bay contends, the December decision was not a final decision which would establish its own forty-five day time clock for judicial review.

■ We disagree. The Supreme Court in *Brotherhood of Locomotive Engineers* stated that if an agency grants a petition for reconsideration of an original order and issues a new order, the new order is the reviewable final order, even if it merely reaffirms the rights and obligations of the original order. 482 U.S. at 278, 107 S.Ct. at 2365; *see also Winter v. ICC*, 851 F.2d 1056, 1061 (8th Cir.1988). Thus, even if we had not held, as we have, that the Conservation Society's petition for reconsideration tolled the time for seeking review, the order entered on December 22, which embodied the decision announced on December 17, is a final order from which the Conservation Society timely petitioned for review on December 23.[14]

### IV.

For the foregoing reasons, we will reverse the district court's order dismissing

---

**13.** In its December 23, 1987 petition, the Conservation Society referred to both the Board's September 4, 1987 decision and the Board's December 17, 1987 decision. The petition alleged error in the "decisions" of the Board and the Commission, and requested the district court to reverse the "determinations" of the Board and the Commission. Trial Record, Doc. 1, at 3, 4. Thus, the petition sought review of *both* decisions by the Board.

**14.** Even if the Supreme Court had not addressed this issue, the Board's December 22 order would

nonetheless constitute a new final order. This is so because the December 17 decision underlying that order contains two requirements not present in the Board's September 4 decision. *See supra* n. 4, and app. at 208–09. It would not matter whether these additions were made merely to correct mistaken substantive omissions from the first decision, as Sugar Bay contends, or were the result of substantive reevaluation resulting from the petition for reconsideration.

the petition for lack of jurisdiction, and will remand to the court for further proceedings.