

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-15-2005

# Kaur v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3436

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Kaur v. Atty Gen USA" (2005). *2005 Decisions.* Paper 701.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/701

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3436
_____

GURMAIL KAUR,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A70 698 232)

_____

Submitted Under Third Circuit LAR 34.1(a)
August 12, 2005

BEFORE: VAN ANTWERPEN, GREENBERG and NYGAARD, CIRCUIT JUDGES

(Filed:   August 15, 2005)
_____

OPINION
_____

PER CURIAM

Gurmail Kaur, a citizen of India, petitions for review of an order of the Board of

Immigration Appeals (BIA), denying her second motion to reopen proceedings.  For the

following reasons, we will deny the petition.

Kaur entered the United States without valid documents in 1992 through Mexico. In 1998, an immigration judge found Kaur removable and denied her applications for asylum and other relief. The BIA affirmed without opinion on June 4, 2002. Kaur did not petition this Court to review the final order of removal. Kaur filed her first motion to reopen proceedings in June 2003, which the BIA denied as untimely in October 2003. We dismissed Kaur's petition for review of that order for failure to prosecute. Kaur v. Ashcroft, No. 03-4284 (3d Cir. Mar. 10, 2004). Kaur filed the current motion to reopen proceedings in June 2004, which the BIA denied as untimely and exceeding the numerical limitations. Kaur petitions for review.

We have jurisdiction to review the BIA's order denying Kaur's second motion to reopen.[1] We review the BIA's denial of a motion to reopen for abuse of discretion with "broad deference" to its decision. Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003). Under this standard, we will reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). The BIA in turn has broad discretion to deny a motion to reopen. See Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001). The applicable regulation provides that the BIA "has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a).

---

[1]The only order currently subject to our review is the order denying Kaur's second motion to reopen. See Nocon v. INS, 789 F.2d 1028, 1033 (3d Cir. 1986). Thus, we cannot consider her argument that the IJ and BIA wrongly denied her application for asylum.

An alien may file only one motion to reopen, and it must be filed no later than ninety days after the date on which the final administrative decision was rendered. See 8 C.F.R. § 1003.2(c)(2). These "time and numerical limitations" do not apply to a motion to reopen to apply for asylum based on changed circumstances arising in the country of removal, "if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA specifically considered whether Kaur's second motion to reopen could be heard under this exception, but concluded that she had failed to present evidence of changed circumstances in India to satisfy the exception.

We agree completely that Kaur's second motion to reopen exceeded the time and numerical limitations, and that she failed to present any evidence of changed circumstances in India for the purpose of overcoming these limitations. In her brief, Kaur challenges the denial of asylum and other relief, but she offers no reason to question the BIA's decision denying her second motion to reopen.

In sum, we find no basis to conclude that the BIA abused its discretion in denying Kaur's second motion to reopen. Accordingly, we will deny the petition for review.