

Villanova University School of Law Digital Repository

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2008

# Zheng v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3252

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

### Recommended Citation

"Zheng v. Atty Gen USA" (2008). *2008 Decisions*. Paper 1773.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1773

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 06-3252

————————

OIEN ZHIN ZHENG,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

————————

On Petition for Review of a Decision
of the Board of Immigration Appeals
Agency No. A70-122-530
Immigration Judge: Annie S. Garcy

————————

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 8, 2008

————————

Before: FISHER, HARDIMAN AND ALDISERT, Circuit Judges
(Filed: January 10, 2008)

————————

OPINION

————————

ALDISERT, Circuit Judge

Oien Zhin Zheng* seeks review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen deportation proceedings. On November 3, 2004, an immigration judge ("IJ") denied Zheng's application for asylum, withholding of removal and relief under the Convention Against Torture. On January 9, 2006, the BIA affirmed the IJ's order. Zheng did not file a petition for review of that order in this Court. Zheng filed a Motion to Reopen on April 5, 2006, which the BIA denied on June 5, 2006.

I.

We are not in a position to review the order of the BIA denying Zheng's motion to reopen. Under Rule 28, Federal Rules of Appellate Procedure, "the appellant is required to list the issues raised on appeal and present an argument in support of them." Nagle v. Alspach, 8 F.3d 141, 143 (3d Cir. 1993). Pursuant to Rule 28, "the argument . . . must contain . . . appellant's contentions and the reasons for them . . . ." Rule 28(a)(9), Fed. R. App. P. In his brief, Zheng failed to identify the BIA's denial of his motion to reopen as an issue in his statement of the issues presented and provided no written argument regarding that denial. Accordingly, he has abandoned and waived the issue. Nagle, 8 F.3d at 143 ("When an issue is either not set forth in the statement of issues presented or not pursued in the argument section of the brief, the Appellant has abandoned and waived that issue on appeal.").

---

* Petitioner's name is given as "Oien Zhin Zheng" in the captions of the petition for review, oral decision of the immigration judge, and Respondent's brief to this Court. It is given as "Qien Zhin Zheng" in the captions of the Board of Immigration Appeals' denial of the motion to reopen and Petitioner's brief to this Court.

## II.

In addition, we do not have jurisdiction over Zheng's petition for review to the extent he challenges the BIA's January 9, 2006 order. Zheng did not file a timely petition for review of the January 9, 2006 order. 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."). Almost two months after the time to file a petition for review of the January 9, 2006 order had expired, Zheng filed a motion to reopen with the BIA. Zheng's motion to reopen, however, does not revive his period to appeal the BIA's January 9, 2006 order. Garcia v. INS, 690 F.2d 349, 350 (3d Cir. 1982) ("Timely filing as to one order does not vest this Court with jurisdiction to hear 'stale' challenges.").

We have considered all contentions of the parties and conclude that no further discussion is necessary.

Accordingly, the petition for review will be denied.