

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-9-2008

# Balbuena v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2942

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Balbuena v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1246.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1246

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 07-2942
_____

HUGO REYES BALBUENA,
Petitioner

v.

ATTORNEY GENERAL USA,
Respondent

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
BIA No. A20 819 826
Immigration Judge: Annie S. Garcy

_____

Submitted Under Third Circuit LAR 34.1(a)
May 1, 2008

Before: RENDELL, GREENBERG, and VAN ANTWERPEN, <u>Circuit Judges</u>

(Filed: May 9, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM

Hugo Reyes Balbuena, a native and citizen of Mexico, petitions for review of the

decisions of the Board of Immigration Appeals (BIA), affirming the Immigration Judge's

("IJ") final order of removal and denying Balbuena's motion to re-open. For the reasons set forth below we will dismiss the petition in part and will deny it to the extent that it seeks review of the BIA's decision filed on May 30, 2007.

I.

The facts are well known to the parties and will not be repeated at length here. Balbuena arrived in the United States in 1989 without a valid entry document and was placed in removal proceedings in May 2002 for this reason. He was also charged as removable under 8 U.S.C. § 1182(a)(6)(C)(i) for seeking admission into the United States through fraud or misrepresentation of a material fact concerning his marriage to Yolanda Rivera, a United States citizen. In subsequent proceedings before the Immigration Judge (IJ), Balbuena applied for cancellation of removal and voluntary departure, conceding his removability based on his invalid entry into the country in 1989, but asserting that his marriage to Rivera was not a fraud. Upon completion of removal proceedings that occurred from 2003 through 2005, the IJ concluded that Balbuena was not credible and denied his application in all respects. Balbuena appealed to the Board of Immigration Appeals (BIA). In October 2006, the BIA affirmed the decision of the IJ, finding no error in the IJ's determination that Balbuena had failed to establish good moral character during the statutory period. Balbuena then filed a motion to reopen with the BIA, seeking a remand so that he could apply for adjustment of status based on an I-130 immigrant visa petition that had recently been filed by his daughter, a naturalized citizen. On May 30,

2

2007, the BIA denied the motion to reopen. Balbuena petitions for review of the BIA's decisions.

II.

As a threshold matter, we must address the government's argument that we lack jurisdiction to review the BIA's 2006 decision because Balbuena failed to file a timely petition for review.

A petition for review must be filed not later than thirty days after the date of a final order of removal. See 8 U.S.C. § 1252(b)(1); Nocon v. INS, 789 F.2d 1028, 1032-1033 (3d Cir. 1986). On October 5, 2006, the Board of Immigration Appeals dismissed Balbuena's appeal from the IJ's order denying his applications for cancellation of removal and for voluntary departure. Balbuena filed this petition for review on June 29, 2007, long after the period for filing a timely petition to review that decision had expired.

Balbuena's petition for review is timely as to the BIA's 2007 decision denying his motion to re-open. That the petition is timely as to the 2007 decision, however, does not cure the jurisdictional defect with respect to Balbuena's appeal from the BIA's earlier decision. See Stone v. INS, 514 U.S. 386, 394 (1995) (deportation orders are to be reviewed in a timely manner after issuance, regardless of the later filing of a motion to reopen or reconsider); Garcia v. INS, 690 F.2d 349, 350 (3d Cir. 1982) ("Timely filing as to one order does not vest this Court with jurisdiction to hear 'stale' challenges."). Thus, we conclude that Balbuena's petition for review is untimely as to the BIA's 2006 decision

3

and we lack jurisdiction to consider that decision.[1]

III.

We have jurisdiction to review final orders of removal pursuant to 8 U.S.C. § 1252(a)(5). The only issue before us is the BIA's May 2007 order denying Balbuena's motion to reopen. We review the BIA's denial of a motion to reopen for abuse of discretion and we will reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006).

The government argues that Balbuena waived his review of the BIA's 2007 decision because he failed to brief any issues with respect to that decision. Balbuena's brief raises two arguments, both of which challenge the BIA's 2006 decision affirming the IJ's denial of cancellation of removal. In Point I of his brief, Balbuena contends that "[t]he immigration judge erred and violated petitioner's right to a full and fair hearing by failing to hear all relevant testimony and by finding Petitioner did not meet the good moral character criterion pursuant to the guidelines set forth in § 240A(b) of the Immigration and Nationality (sic) Act." Petitioner's Brief at 7. In Point II of his brief, Balbuena argues that "[t]he Board abused its discretion by failing to remand this matter as it relates to the petitioner's claim for cancellation of removal as petitioner satisfies the statutory criteria for the requested relief." Id. at 15. Neither argument challenges the

---

[1] Balbuena stated in his two-page petition for review that he was prejudiced by prior counsel's ineffectiveness for failing to file a timely petition for review of the BIA's 2006 decision. He has failed to brief the issue, however; thus, the issue is waived.

4

BIA's 2007 order denying Balbuena's motion to reopen on the ground that he failed to qualify for adjustment of status under 8 U.S.C. § 1255(i) [INA § 245(I)].[2] Balbuena did not file a reply brief or otherwise provide any reason why we should excuse his failure to brief issues relating to the BIA's 2007 decision. We thus conclude that he has waived any argument as to whether the BIA abused its discretion in denying his motion to reopen in 2007. Voci v. Gonzalez, 409 F.3d 607, 610 n. 1 (3d Cir. 2005); Lie v. Ashcroft, 396 F.3d 530, 532 n. 1 (3d Cir. 2005); Nagle v. Alspach, 8 F.3d 141, 143 (3d Cir. 1993).

Accordingly, we will dismiss the petition for review to the extent that Balbuena seeks review of the decision filed October 5, 2006, and we will deny the petition to the extent that he seeks review of the decision filed May 30, 2007.

---

[2] Although we do not decide the issue, we note that it appears that Balbuena failed to demonstrate eligibility for an adjustment of status because he was found to be inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(C)(i), based on his fraudulent marriage. It also appears that he failed to demonstrate eligibility for waiver of inadmissibility under 8 U.S.C. § 1182(i) because there was no record evidence showing that he had a spouse or parent who was a United States citizen or a permanent resident alien. Thus, it appears that he could not have shown that his removal would result in extreme hardship to a qualifying spouse or parent under that provision.