**Ramsing Pratapsig BIHOLA, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States, Respondent.**

No. 02–2506.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Feb. 14, 2003.

Decided March 5, 2003.

OPINION OF THE COURT

PER CURIAM:

Ramsing Pratapsig Bihola, a citizen of India, entered the United States in New York on a non-immigrant visitor visa. He was authorized to remain in the United States on business until July 12, 1994. On May 24, 1994, Bihola filed an application with the Immigration and Naturalization Service (INS) for political asylum because of his association with the Bharatia Janata Party (BJP). Two years later, the INS conducted an asylum application interview. The case was referred to the immigration court in Philadelphia, Pennsylvania, for deportation proceedings where Bihola could renew his application for asylum before the immigration judge (IJ). Bihola, who does not speak English, was personally served on April 22, 1996 with a Form I–221 notice to appear for a deportation hearing on October 31, 1996. The form was written in English and Spanish, as required by § 242B(a)(3) of the Immigration and Naturalization Act (INA), 8 U.S.C. § 1252b(a)(3). When he did not appear at his hearing, the IJ ordered him deported *in absentia.*

Bihola, now assisted by counsel, filed a timely motion to reopen on January 27, 1997. He claimed that he had missed his hearing because he did not understand English and because he had relied on an English-speaking friend, Dilip Shah, who had promised to assist him at the hearing, but miscalendared his hearing date. The motion included an unsworn statement from Shah, explaining his role and stating that Shah had noted the wrong hearing date, and a copy of the asylum application Bihola had filed with the INS.

Before: ALITO and McKEE, Circuit Judges, and SCHWARZER,* Senior District Judge.

* Honorable William W Schwarzer, Senior District Judge, Northern District of California, sitting by designation.

The IJ, after a hearing, denied the motion. To prevail on a motion to reopen an *in absentia* order, 8 C.F.R. § 103.5(a) requires that the moving party state new facts that were not available at the time of the hearing and include supporting affidavits and other evidence. The IJ found that Bihola failed to comply with the regulation because he stated no new facts that were not available at the time of the hearing and failed to make a *prima facie* showing that he was eligible for asylum. The IJ also held that Bihola's explanation for failing to appear did not establish exceptional circumstances which would have excused his appearance under INA § 242(B)(f)(2).

Bihola appealed the denial of the motion to reopen to the Board of Immigration Appeals ("BIA"). The BIA noted that the IJ should not have considered whether *prima facie* eligibility for relief from deportation was established but only whether Bihola had received proper notice of his hearing, and whether he presented "exceptional circumstances" excusing his failure to appear. To correct this error, the BIA conducted an independent review of the record. The BIA found that Bihola was properly personally served with the notice to appear and of the hearing and that the notice was not required to be in his native language. The BIA also found that there was not sufficient evidence to establish that Bihola's absence was "due to circumstances beyond his control" within the meaning of INA § 242B(f)(2). The BIA noted that Bihola's motion was not supported by his own affidavit or sworn statement, depriving the Board of Bihola's own version of the events, which information "would be essential before we could reopen this case." Shah's unsworn statement lacked important details, including whether Shah ever told Bihola what the correct hearing date was, and did not absolve Bihola from responsibility for his failure to appear. On December 30, 1998, the BIA dismissed the appeal for insufficient evidence. This constituted a final order of deportation under 8 C.F.R. § 243.1. Bihola did not petition for judicial review of this decision.

Instead, on January 29, 1999, Bihola filed with the BIA a motion to reconsider, supported by detailed affidavits from Shah and himself. On May 2, 2002, the BIA denied the motion on two grounds. First, treating the motion as one for reconsideration, it failed to comply with 8 C.F.R. § 3.2(b)(1) because it alleged no error of fact or law in the original order. Second, treating the motion as one to reopen based on new evidence relating to his failure to appear at his hearing, it was barred because Bihola failed to seek judicial review of the BIA's December 30, 1998, order denying the initial motion to reopen, and because it was filed after the statutory 180–day limit for filing a motion to reopen based on exceptional circumstances under INA § 242B(c)(3)(A). Bihola filed the instant petition for review of the BIA's May 2, 2002, order denying his motion.

■ We review the BIA's denial of Bihola's motion for abuse of discretion. *INS v. Doherty,* 502 U.S. 314, 324, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992); *Nocon v. INS,* 789 F.2d 1028 (3d Cir.1986). We find that the BIA did not abuse its discretion in denying the motion as one to reopen. To rescind an *in absentia* order of deportation, the alien must timely file a motion to reopen with the IJ demonstrating, *inter alia,* that "exceptional circumstances" prevented him from appearing at his hearing through no fault of his own. INA § 242B(c)(3), 8 U.S.C. § 1252b(c)(3). Bihola failed to file within the 180–day period and, because he failed to seek judicial review of the order, the order had become final.

The BIA did not abuse its discretion in denying the motion as a motion to reconsider because Bihola did not allege any errors of fact or law, as required by 8 C.F.R. § 3.2(b)(1).

For the foregoing reasons, we DENY the petition for review.