

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-19-2004

# Cindulet v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3498

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Cindulet v. Atty Gen USA" (2004). *2004 Decisions*. Paper 997.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/997

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3498

AUREL SILVIU CINDULET,
                                        Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL OF THE UNITED STATES,
                                                        Respondent

On Petition for Review of a Final Order of the
Board of Immigration Appeals
(BIA No. A29-606-491)

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 27, 2003

Before:  SCIRICA, *Chief Judge*, NYGAARD and AMBRO *Circuit Judges*

(Filed  February 19, 2004)

OPINION OF THE COURT

SCIRICA, *Chief Judge.*

At issue in this appeal is (1) whether the Board of Immigration Appeals erred by

refusing to provide *de novo* review by a three-judge panel over an Immigration Court's

decision denying petitioner's application for relief on asylum and withholding of removal claims; (2) whether the BIA is required to explain why three-judge review is unwarranted in petitioner's case; and (3) whether the Immigration Judge violated petitioner's due process rights. Some of these issues were recently addressed by our Court in *Dia v. Ashcroft*, 353 F.3d 228 (3d Cir. 2003) (en banc). As we find no error, we will affirm the judgment of the BIA.

## I

Petitioner Aurel Silviu Cindulet is a native and a citizen of Romania who was admitted to the United States on or about March 18, 1991, as a non-immigration visitor for pleasure with authority to remain in the United States for a temporary period until September 17, 1991. Cindulet remained in the United States beyond that date without authorization.

On April, 7, 1998, the Immigration and Naturalization Service[1] executed a Notice to Appear charging Cindulet with being removable as an alien who remained in the United States for longer than permitted by § 237 of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(B). On February 17, 1999, the Immigration Judge denied Cindulet's application for asylum and withholding of removal but granted his voluntary request for departure to leave the United States. Cindulet appealed to the BIA, and on

---

[1]Under the Homeland Security Act of 2002, Pub. L. No. 107-296, § 451, 116 Stat. 2135, 2195, the functions of the INS were transferred from the Department of Justice to the United States Department of Homeland Security effective March 1, 2003.

June 18, 2002, it summarily affirmed the Immigration Judge's decision without opinion. Cindulet did not file an appeal of this order.

On July 15, 2002, Cindulet filed a motion to reconsider asserting, *inter alia*, that the BIA improperly summarily affirmed his case and requested that a "three judge panel" reconsider the matter. Cindulet also detailed various due process violations by the Immigration Judge that impaired the fairness of the hearing. On August 21, 2002, the BIA denied Cindulet's motion to reconsider for a "failure to meet essential statutory or regulatory requirements" because Cindulet failed to present: (1) any evidence that it overlooked any aspect of the case, (2) any additional arguments that could not have been made during its previous review, or (3) any relevant change in the law. Cindulet appeals the BIA's order.[2]

## II

Cindulet asserts his claims require *de novo* review before a three-judge panel and alleges the BIA's denial of the motion requesting *de novo* review improperly failed to identify the specific reasons why this case did not require three-judge review. We hold

---

[2]The BIA's jurisdiction arose under 8 C.F.R. § 1003.2(a) (2002), which grants the BIA authority to reconsider or reopen any case in which it had previously rendered a decision. We have jurisdiction to review the BIA's decision in a removal case based on § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252. This section confers jurisdiction to review final orders of removal, including denials of motions to reconsider. *Id.* Venue is proper in this court. *See id.* (stating that a petition must be filed in the court of appeals for the judicial circuit in which the proceedings before the immigration judge were completed).

that the BIA acted in accordance with the valid streamlining provisions and made no error in denying the motion to reconsider.[3]

In *Dia*, 353 F.3d 228, we addressed the validity of the streamlining provisions that Cindulet challenges. We held that "the streamlining provisions and the BIA's issuance of an [affirmance without opinion] . . . did not violate either the INA or the Constitution." *Id.* at 245. We noted that "[n]either the Constitution nor Congress guarantee a *de novo* review by the BIA, nor do they guarantee a right to a fully reasoned opinion by the BIA." *Id.* at 243 (citation omitted). We further held: "[T]he fact that the review is done by one member of the BIA and that the decision is not accompanied by a fully reasoned BIA decision may be less desirable from the petitioner's point of view, but it does not make the process constitutionally 'unfair.'" *Id.* at 243-44. Accordingly, the streamlining provisions are valid.

Under the streamlining provisions, a single board member to whom the case is assigned may affirm an immigration judge's decision without an opinion if the member determines that the result was correct and that "(A) the issue on appeal is squarely controlled by existing Board or federal court precedent and does not involve the application of precedent to a novel fact situation; or (B) the factual and legal questions

---

[3]We review a BIA decision denying a motion to reconsider for abuse of discretion. *See INS v. Doherty*, 502 U.S. 314, 323 (1992) (stating that the denial of a motion to reopen is reviewed for abuse of discretion regardless of the underlying basis of the alien's request for relief); *Nocon v. INS*, 789 F.2d 1028, 1033 (3d Cir. 1986) (reviewing the BIA's denial of a motion to reconsider for abuse of discretion.).

4

raised on appeal are so insubstantial that three Member review is not warranted." 8 C.F.R. § 1003.1(a)(7). If those conditions are met, the regulation provides that the BIA must issue an order that reads: "'The Board affirms, without opinion, the result of the decision below. The decision below is, therefore, the final agency determination.'" *Id.* The order "shall not include further explanation or reasoning." *Id.*

Here, in its June 18, 2002 Order, the BIA followed the precise dictates of the streamlining provisions, and that is all that is required. In its August 21, 2002 Order, the BIA made no error in denying the motion to reconsider. Under 8 C.F.R. § 1003.2(b)(3), "[a] motion to reconsider based solely on an argument that the case should not have been affirmed without opinion by a single Board Member, or by a three-Member panel, is barred." *Id.* Accordingly, the BIA properly dismissed Cindulet's motion to reconsider because it "fail[ed] to meet essential statutory or regulatory requirements or is expressly excluded by statute or regulation." 8 C.F.R. § 1003.1(d)(2)(i)(H).

### III

Cindulet alleges certain due process violations occurred at his immigration hearing. Particularly, he alleges the Immigration Judge restricted testimony and argument to his detriment.[4] Assuming these claims were properly raised,[5] they are without merit.

---

[4]Where the BIA adopts the opinion of the Immigration Judge as its own, we review the decision of the Immigration Judge as the final decision of the agency. *See Gao v. Ashcroft*, 299 F.3d 266, 271 (3d Cir. 2002). We review *de novo* whether Cindulet's due process rights have been violated. *See Chong v. INS*, 264 F.3d 378, 386 (3d Cir. 2001).

(continued...)

5

Due process requires that a petitioner: "(1) be entitled to factfinding based on a record produced before the Board and disclosed to her; (2) be allowed to make arguments on her own behalf; and (3) have the right to an individualized determination of her interests." *Chong*, 264 F.3d at 386. The record demonstrates that Cindulet received due process. We find no error in the Immigration Judge's administration of the hearing, and his findings are supported by substantial evidence.

## IV

For the foregoing reasons, we will affirm the BIA's denial of the motion to reconsider.

---

[4](...continued)
We will uphold findings of fact to the extent they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Balasubramanrim v. INS*, 143 F.3d 157, 161 (3d Cir. 1998).

[5]Respondent contends Cindulet failed to appeal the BIA's June 18, 2002 Order, and accordingly, we should not address the due process claims. Regardless, these claims fail on the merits.