

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-29-2004

# Joseph v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3314

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Joseph v. Atty Gen USA" (2004). *2004 Decisions.* Paper 451.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/451

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 03-3314
_____

JOCELYN JOSEPH,
Petitioner

v.

JOHN ASHCROFT,
Attorney General of the United States,
Respondent

_____

On Petition for Review of Orders of the
United States Department of Justice
Board of Immigration Appeals
BIA No. A77-013-254

_____

Submitted Under Third Circuit LAR 34.1(a)
July 12, 2004

Before: RENDELL, FISHER and VAN ANTWERPEN, Circuit Judges.

(Filed: July 29, 2004)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Jocelyn Joseph, a citizen of Haiti, seeks review of two independent

decisions of the Board of Immigration Appeals ("BIA"), the first denying his motion to

reopen and the second denying his underlying application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction to hear Joseph's petition pursuant to 8 U.S.C. § 1252. For the reasons discussed below, we will deny the petition.

I.

Jocelyn Joseph was a police officer in Haiti, responsible in part for investigating gang-related activities. During routine duty, Joseph was ordered to arrest certain known gang members by a local judge. Upon learning of the order, Joseph's supervisor, Commissioner Jean Claude Regure, told Joseph to ignore the judge's command and not to arrest the gang members. Over the commissioner's instructions, Joseph investigated the house where he knew the criminals to be. Upon entering he found, not only the suspects, but also two police officers whom Joseph believed to be collaborating with the gang members. Later, when Joseph arrested another individual affiliated with the same gang, he was told by the arrestee that the commissioner was going to have him killed.

Joseph was transferred to another station, but claims that the retaliatory threats continued, and that he was forced to sleep in the police station at night, because it was the only reliable safe harbor. When the threats became intolerable, Joseph had his visa doctored and came to the United States.

The Immigration Judge considered Joseph's application for asylum and concluded that Joseph did not qualify as a refugee under the Immigration and Naturalization Act,

2

because he did not establish facts that would lead a reasonable person to believe that he is in danger because of his race, religion, nationality, membership in a particular social group or political opinion. Recognizing that there might be instances where status as a former police officer would be significant in establishing a fear of prosecution, the IJ nonetheless concluded that Joseph's fears arose from dangers encountered through routine police service, and not as a result of his affiliations or immutable characteristics. Joseph's applications for asylum, withholding of removal, and protection under the CAT were denied and an order for removal was issued.

The BIA summarily affirmed the IJ's order on October 31, 2002. Joseph filed a timely motion to reopen, based on his marriage to a permanent resident of the United States, which the BIA denied on July 8, 2003. Joseph now petitions for review of the BIA's orders.

## II.

Joseph first contests the BIA's denial of his motion to reopen. We review such a denial for abuse of discretion. Sevoian v. Ashcroft, 290 F.3d 166, 170-1 (3d Cir. 2002). Petitioners may move to reopen their proceedings upon the discovery of new facts, supported by documentation, which might reverse the outcome of their hearings. 8 U.S.C. § 103.5 (2004). The Attorney General is granted "broad discretion" in granting or denying such motions, and we review for abuse of discretion. INS v. Doherty, 502 U.S. 314, 322-323 (1992).

Joseph moved to reopen his BIA proceedings based on his application for adjustment of status after his marriage to a permanent resident. As the BIA concluded in disposing of his motion to reopen, and as Joseph concedes in the blue brief, he is currently ineligible for adjustment of status, as an arriving alien in removal proceedings. See 8 C.F.R. § 1245.1(c)(8) (2004). Joseph argues that the BIA had the authority to reopen and thereby terminate the proceedings against him, which would then make him eligible to adjust his status. See 8 C.F.R. § 1245.1(c)(9)(iii)(C) (2004). However, the BIA chose not to exercise that authority, and the petitioner offers no reason why the BIA's failure to reopen so as to terminate the proceedings was an abuse of discretion We conclude that the BIA did not abuse its discretion in denying Joseph's motion to reopen.

### III.

Joseph also contests the BIA's affirmance of the IJ's denial of asylum, withholding of removal, and protection under the CAT. Pursuant to 8 U.S.C. § 1252(b)(1), a petition for review must be filed no later than thirty days after the final order of removal. The statute of limitations is not tolled by the filing of a subsequent motion to reopen. See Stone v. INS, 514 U.S. 386, 394-395 (1995); Nocon v. INS, 789 F.2d 1028 (1986).[1] The initial order of the BIA, is final and immediately appealable; later filings are irrelevant to

---

[1] Although both Stone and Nocon concern orders of deportation, rather than removal, no statutory or regulatory distinction is drawn for the purposes of reopening. See 8 U.S.C. § 1252; 8 C.F.R. § 1245.1.

4

the limitations period.[2]

Joseph filed his petition for review on August 6, 2003, well after the thirty-day window to appeal the BIA's October 31, 2002 order had closed.[3]  Because the statute of limitations has run, we may not revisit the merits of Joseph's application for asylum, withholding of removal and protections under the Convention Against Torture.

IV.

For the foregoing reasons, the petition for review will be denied.

---

The Court in Stone noted that the statutory text of 8 U.S.C. § 1105a(a), since moved to 8 U.S.C. § 1252(b)(6), provides that the motion to reopen should be consolidated with the underlying order, but not vice versa.  As the Court concluded, "[T]he statute is best understood as reflecting an intent on the part of Congress that deportation orders are to be reviewed in a timely fashion after issuance, irrespective of the later filing of a motion to reopen or reconsider."

We note as a second procedural defect that Joseph only petitioned for review of his motion to reopen.  Under Stone, both the BIA's order of removal and the order denying Joseph's motion to reopen are final orders, each of which must be petitioned to this Court.