

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-15-2005

# Baquero v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4861

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Baquero v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1354.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1354

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 03-4861

———————

JULIA BAQUERO; NELSON BAQUERO;
JUAN BAQUERO; LINA BAQUERO

Petitioners

v.

ALBERTO GONZALES*, Attorney General
of the United States,

Respondent

(* Amended pursuant to Rule 43(c), Fed. R. App. Pro.)

———————

ON PETITION FOR REVIEW OF ORDERS OF THE
BOARD OF IMMIGRATION APPEALS

(Nos. A72-373-754; A70-868-648; A72-373-752; A73-039-441)

———————

Submitted Under Third Circuit LAR 34.1(a)
March 31, 2005

———————

Before: ALITO, SMITH, and FISHER, Circuit Judges

(Filed: April 15, 2005)

———————

Because we write only for the parties, we do not recite the facts of the case. Petitioners argue that the Immigration Judge erred in denying their application for asylum and withholding of removal. We disagree.

As a preliminary matter, we note that this Court must review the decision of the Board of Immigration Appeals ("BIA"), not that of the Immigration Judge. See Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001). Accordingly, petitioners' claims that the Immigration Judge erred are misplaced, unless the BIA specifically relied on them in making its own decision.

However, we cannot review even the BIA's opinion because we lack jurisdiction to do so. According to 8 U.S.C. § 1252(b), a petition for review of a final order of removal "must be filed not later than 30 days after the date of the final order of removal." The final order of removal in this case was issued on August 5, 2003, but petitioners did not file for review of this decision until more than three months after the deadline, on December 30, 2003. See Stone v. INS, 514 U.S. 386, 405 (1995) (explaining that the predecessor to this statute was "jurisdictional in nature and must be construed with strict fidelity to its nature"); Nocon v. INS, 789 F.2d 1029 (3d Cir. 1986) ("We hold that strict compliance with the statutory directive is a jurisdictional prerequisite to judicial review."). Petitioners' only response is that the 30-day period should have been tolled when they filed their timely motion for reconsideration, but the Supreme Court foreclosed

this argument in Stone.

Although we lack jurisdiction to review petitioners' asylum and withholding of removal claims, we note that the BIA's decision was supported by substantial evidence. The record contains no evidence that the guerillas harassed the Baqueros because of their race, religion, nationality, membership in a particular social group, or political opinion, as required by 8 U.S.C. § 1101(a)(42)(A). Moreover, even assuming that the Baqueros did prove past persecution, the record indicates the persecution was limited to the small farm near Cartagena. Therefore, internal relocation within Colombia is feasible. See 8 C.F.R. § 208.16(b)(1)(i)(B).

Since petitioners' motion for reconsideration was timely, we must review this claim on the merits. Denials of motions for reconsideration are reviewed for abuse of discretion. See 8 C.F.R. § 1003.2(b)(3); Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003). The one new piece of information brought to light in the motion for reconsideration is that Ms. Baquero's sister was granted asylum. However, her situation is entirely different from that of the Baqueros. She and her husband were granted asylum because they were persecuted on religious and political grounds during the mid-1990s. By contrast, as described above, the Baqueros' asylum petition has nothing to do with this. It focuses exclusively on the events around the farm in San Pablo in 1986 and 1987, without presenting any evidence of persecution on a protected ground. Therefore, it was not an abuse of discretion for the BIA to affirm its earlier decision, even after being

3

presented with Ms. Baquero's sister's grant of asylum.

For these reasons, the petition for review is dismissed in part and denied in part.