

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-17-2005

# Yang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3697

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Yang v. Atty Gen USA" (2005). *2005 Decisions.* Paper 399.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/399

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3697
_____

YONG HUA YANG,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A70-576-595)
_____

Submitted Under Third Circuit LAR 34.1(a)
September 22, 2005

Before: ROTH, McKEE and FISHER, *Circuit Judges.*

(Filed: October 17, 2005)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Yong Hua Yang petitions for review of the final order of the Board of Immigration Appeals ("BIA") denying his second motion to reopen proceedings. For the following reasons, we will deny the petition.

I.

As we write only for the parties, we set forth only those facts necessary to our analysis. Yang, a native and citizen of China, entered the United States without inspection in October 1992. After being placed in deportation proceedings, Yang applied for asylum. Yang was the only witness at his asylum hearing, and he testified through a translator. The Immigration Judge denied the requested relief based on an adverse credibility determination, and ordered Yang deported to China. The BIA affirmed the Immigration Judge's decision on April 10, 2002. Yang filed a motion to reopen and a motion to reconsider, both of which the BIA denied. Yang did not seek judicial review of any of these decisions of the BIA.

On June 23, 2004, Yang filed a second motion to reopen with the BIA, raising for the first time an allegation that his translator had mistranslated numerous statements, questions, and answers by the Immigration Judge, the attorneys, and Yang. The BIA denied the motion on August 18, 2004. Yang filed a timely petition for review with this Court.[1]

---

[1]The only order currently subject to our review is the order denying Yang's second motion to reopen. *See Nocon v. INS*, 789 F.2d 1028, 1033 (3d Cir. 1986). Thus, we cannot consider any argument that the Immigration Judge and the BIA wrongly denied

II.

We review the BIA's denial of a motion to reopen for abuse of discretion, with "broad deference" to its decision. *Ezeagwuna v. Ashcroft*, 325 F.3d 396, 409 (3d Cir. 2003). Under this standard, we will reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir. 2002).

III.

An alien may file only one motion to reopen, and it must be filed no later than ninety days after the date on which the final administrative decision was rendered. 8 C.F.R. § 1003.2(c)(2). However, these "time and numerical limitations" do not apply to a motion to reopen proceedings to apply for asylum based on changed circumstances arising in the country of removal, "if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

In his motion, Yang did not argue that the proceedings in his case should be reopened due to changed circumstances in China. Instead, Yang urged that his case be

---

Yang's application for asylum. Yang's brief argues that "the incompetent translation of English and Foo Chowese [Yang's native dialect] at Petitioner's asylum hearing denied him a full and fair hearing and a determination based on substantial evidence." We can consider this argument only to the extent that the alleged denial of a full and fair hearing rendered the BIA's decision to deny the second motion to reopen arbitrary and capricious, and thus an abuse of discretion. *See Nocon*, 789 F.2d at 1033.

reopened based on an allegation that he was denied a full and fair asylum hearing.  Yang also requested that the government join in his motion, but the government refused.

The BIA noted that Yang's motion to reopen was filed after the ninety-day period provided by regulation and was his second motion to reopen, and would therefore be barred unless it fell within an exception to the time and number limitations.  Citing *In re J-J-*, 21 I & N Dec. 976 (BIA 1997), the BIA recognized that it retained "limited discretionary powers" to reopen or reconsider cases on its own motion, even where a motion to reopen is time- or number-barred.  The BIA further noted that this discretion would be exercised only in "exceptional situations."  *Id.* at 984.

The BIA analyzed the alleged errors in translation and concluded:  first, that any translation errors that occurred were immaterial; second, that Yang did not demonstrate that the Immigration Judge had been influenced in his adverse credibility determination by these alleged errors; and third, that Yang had failed to carry his burden of showing that he was denied a fair hearing.  Based on these conclusions, the BIA determined that Yang had failed to establish exceptional circumstances justifying reopening the proceedings in spite of the time and number bar.

Based on our review of the record, these determinations were not arbitrary, irrational, or contrary to law.  The BIA therefore did not err in refusing to exercise its discretion to reopen Yang's proceeding.

IV.

4

In sum, we find no basis to conclude that the BIA abused its discretion in denying

Yang's second motion to reopen.  Accordingly, we will deny the petition for review.