

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-27-2005

# Aggrey v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2500

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Aggrey v. Atty Gen USA" (2005). *2005 Decisions.* Paper 45.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/45

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2500

PRINCE BERNARD AGGREY,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                                  Respondent

On Petition for Review of an Order
of the Board of Immigration Appeals
BIA No. A96-085-118
(Honorable Irma Lopez-DeFillo, Immigration Judge)

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 14, 2005
Before:  SCIRICA, Chief Judge, FISHER and ALDISERT Circuit Judges

(Filed December 27, 2005)

OPINION OF THE COURT

PER CURIAM.

      Prince Bernard Aggrey, a native and citizen of Ghana,  petitions for review of a

final order of removal issued by the Board of Immigration Appeals ("BIA").  We will

deny the petition.

## I.

Aggrey unlawfully entered in the United States in 2002 and subsequently sought asylum, statutory withholding of removal, and relief under the Convention Against Torture alleging religious persecution. The Immigration Judge ("IJ") found Aggrey removable as charged. The IJ also denied relief from removal, finding that Aggrey's testimony was not credible and that his allegations nonetheless failed to satisfy his burden of proof. The BIA affirmed without opinion on February 4, 2005. On April 8, 2005, the BIA denied Aggrey's motion for reconsideration, finding that Aggrey had failed to identify any particular errors in their prior decision. Aggrey filed a pro se petition for review on May 9, 2005.

## II.

Aggrey alleges errors in the IJ's decision, and thereby challenges the BIA's February 4th order of affirmance. However, we lack authority to review that order because Aggrey did not file a timely petition for review within 30 days of the order. See 8 U.S.C. § 1252(b)(1). Furthermore, the motion for reconsideration did not toll the running of the appeal period. Stone v. Immigration & Naturalization Service, 514 U.S. 386 (1995).

## III.

The petition for review is, however, timely as to the BIA's April 8th order denying Aggrey's motion fo reconsideration. See 8 U.S.C. § 1252(b)(1); Nocon v. Immigration

2

& Naturalization Service, 789 F.2d 1028, 1032-33 (3d Cir. 1986). We review the denial of reconsideration for abuse of discretion. Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005).

A motion to reconsider must specify the errors of law or fact in the BIA's prior decision. 8 C.F.R. § 1003.2(b)(1). As Aggrey failed to identify any such errors, the BIA did not abuse its discretion in denying the motion.

Aggrey's allegations in his brief of a denial of due process and of the right to counsel were not raised in his motion for reconsideration. To the extent he is alleging error in the BIA's review of his motion for reconsideration, we assume without deciding that we have subject matter jurisdiction over the claims[1] and find them to be without merit.

Accordingly, we will deny the petition for review.

---

[1]Petitioners must exhaust all administrative remedies available to them as of right before raising a claim before us. 8 U.S.C. § 1252(d)(1); Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir. 2005).