

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2006

# Pinov v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3586

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Pinov v. Atty Gen USA" (2006). *2006 Decisions.* Paper 961.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/961

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-213                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 03-3586
_____

AKHSARBEK PINOV;
RIMA PINOVA,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency Nos. A78 498 169; A78 498 168)
Immigration Judge: Honorable Eugene Pugliese
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
May 4, 2006

BEFORE:  FUENTES, VAN ANTWERPEN and *ROTH, CIRCUIT JUDGES

(Filed    June 5, 2006   )

_____

OPINION

_____

*Judge Roth assumed senior status on May 31, 2006.

PER CURIAM

Akhsarbek Pinov and his wife Rima Pinova, natives and citizens of Russia, petition for review of a final order of the Board of Immigration Appeals. On the government's motion, we will summarily deny the petition for review.

The petitioners were found removable by an Immigration Judge ("IJ") for having overstayed their admission period. See INA § 237(a)(1)(B) [8 U.S.C. § 1227(a)(1)(B)]. They applied for asylum, withholding of removal and protection under the United Nations Convention Against Torture, but the IJ denied relief. The petitioners, through counsel, sought review by the Board of Immigration Appeals ("BIA") and, after one extension, were ordered to submit a brief by September 6, 2002. No brief was received, however, and the BIA dismissed the appeal on March 5, 2003. See 8 C.F.R. § 1003.1(d)(2)(i)(E).

Represented by new counsel, the petitioners filed a motion for reconsideration of the BIA's summary dismissal. The BIA denied the motion on June 9, 2003. Undeterred, the petitioners filed another motion for reconsideration, which the BIA denied on July 29, 2003, finding that it was numerically barred. See 8 C.F.R. § 1003.2(b)(2). The petitioners timely filed a petition for review. In April 2006, after the petitioners filed their opening brief, the government moved to summarily deny the petition for review. See I.O.P. 10.6.

We have jurisdiction to review the Board's denial of the petitioners' motion for

2

reconsideration.  See, e.g., Nocon v. INS, 789 F.2d 1028, 1032-33 (3d Cir. 1986).  The scope of our review is quite limited, however.  See INS v. Doherty, 502 U.S. 314, 323 (1992).  We review the denial of a motion for reconsideration for abuse of discretion only.  Nocon, 789 F.2d at 1033; see also Doherty, 502 U.S. at 323 (noting the "broad" deference due the BIA's decision).

Significantly, in this proceeding, we can review only the BIA's July 29, 2003 denial of reconsideration; our review does not extend to (i) the IJ's original order denying relief, (ii) the BIA's March 5, 2003, summary dismissal of the petitioners' appeal, or (iii) the BIA's June 9, 2003, denial of reconsideration.  See Stone v. INS, 514 U.S. 386, 405 (1995) (holding that review of an original removal decision and a subsequent removal order are distinct); see also McAllister v. Attorney General, -- F.3d --, 2006 WL 903203, at *3 (3d Cir. Apr. 10, 2006) (recognizing that a petition for review must be filed within 30 days of a final order of removal).  Consequently, we may not examine the sole argument presented in the petitioners' counseled brief, namely, that the IJ erred in "[r]efusing to recognize that [they] established both past persecution and well-founded fear of future persecution . . . on account of [their] membership in a particular social group."  Because the petitioners' brief to this Court makes no mention of the BIA's decision that their second motion for reconsideration was numerically barred, they have waived appellate review of that issue.  See, e.g., In re Surrick, 338 F.3d 224, 237 (3d Cir. 2003).

For the foregoing reasons, we conclude that the petitioners' appeal presents us with no "substantial question." I.O.P. 10.6. Accordingly, we will grant the government's motion and summarily deny the petition for review.