

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-24-2006

# Wang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5195

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"Wang v. Atty Gen USA" (2006). *2006 Decisions.* Paper 706.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/706

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5195
_____

CHANG PING WANG,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent
_____

On Review of a Decision of the
Board of Immigration Appeals
(Agency No. 97-661-469)
Immigration Judge:  Honorable Mirlande Tadal
_____

Submitted Under Third Circuit LAR 34.1(a)
July 14, 2006
Before: FISHER, ALDISERT AND WEIS, <u>CIRCUIT JUDGES</u>
(Filed:  July 24, 2006)
_____

OPINION
_____

PER CURIAM.

        Petitioner, Chang Ping Wang, is a native and citizen of the People's

Republic of China, who entered the United States in December 2003 without valid entry

documents.  In a Notice to Appear dated January 2, 2004, Wang was charged with

removability pursuant to INA § 212(a)(7)(A)(i)(I).  Wang conceded the charge of

removability and thereafter applied for asylum, withholding of removal and protection

under the Convention Against Torture based on allegations that he and his wife had suffered persecution at the hands of the Chinese government for violating the Family Planning Policy. An Immigration Judge ("IJ") denied Wang's application for relief on May 5, 2004 and ordered him removed. Wang never appealed this order to the Board of Immigration Appeals ("BIA").

Instead, Wang filed a motion with the IJ on March 28, 2005, seeking to have the proceedings reopened due to the alleged ineffectiveness of his attorney. In a Decision and Order dated May 13, 2005, the IJ once again denied Wang relief. While recognizing that ineffective assistance of counsel may amount to exceptional circumstances, the IJ nevertheless denied Wang's motion to reopen because petitioner failed to comply with any of the requirements set forth by the BIA in Matter of Lozada, 19 I&N Dec. 637 (BIA 1988), and by this Court in Lu v. Ashcroft, 259 F.3d 127 (3d Cir. 2001). Moreover, insofar as Wang may have been attempting to base his motion to reopen on changed country conditions, the IJ concluded that petitioner had failed to make a prima facie showing for the relief sought. As a final matter, the IJ concluded that, given Wang's failure to make the required showing of changed country conditions, his motion to reopen was untimely as it was not filed within 90 days of the date of entry of the final administrative order of removal. See 8 C.F.R. § 1003.23(b)(1).

Wang sought review of this decision, and the BIA dismissed the appeal without opinion in an order dated October 27, 2005. This timely petition for review

followed.

Initially, we note that our review extends only to the BIA's order denying Wang's motion to reopen. See Stone v. INS, 514 U.S. 386, 405 (1995); Nocon v. INS, 789 F.2d 1028, 1033-34 (3d Cir. 1986). Where, as here, the BIA affirms the IJ's decision without opinion, we review the IJ's decision. Partyka v. Attorney General, 417 F.3d 408, 411 (3d Cir.2005). The decision to deny a motion to reopen is within the Board's discretion and, under the regulations, the Board "has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). As the Supreme Court has stated, the regulations "plainly disfavor" motions to reopen. INS v. Abudu, 485 U.S. 94, 110 (1988). The standard of review of an order denying a motion to reopen is very deferential. INS v. Doherty, 502 U.S. 314, 323 (1992) (stressing that motions to reopen immigration proceedings are disfavored and confining review to abuse of discretion). See also Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003). Thus, in order to succeed on the petition for review, Wang must show that the discretionary decision was somehow arbitrary, irrational, or contrary to law. See Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994). Wang has failed to make such a showing.

As the IJ correctly concluded, Wang failed to comply with the requirements set forth in Matter of Lozada for requesting the reopening of proceedings based on an ineffective assistance of counsel claim. Despite the detailed argument Wang makes to this Court with respect to his ineffective assistance claim, Wang's counseled filing to the IJ was little more than a two-sentence motion. Although Wang attached an affidavit, that

3

affidavit was, as the IJ noted, woefully deficient. Wang failed to detail his agreement with former counsel, he provided no proof that former counsel was informed of the allegations of ineffectiveness made against him or that counsel had been given an opportunity to respond to those allegations, and, finally, there was not even an allegation that a complaint with the appropriate disciplinary authorities had been filed or an explanation as to the reason why such a filing was not submitted. See Lu v. Ashcroft, 259 F.3d at 132. Additionally, we note that Wang does not press the issue of changed country conditions in this Court; thus, we do not consider it. See, e.g., In re Surrick, 338 F.3d 224, 237 (3d Cir. 2003) (holding that the failure to identify or argue an issue in an opening brief constitutes waiver of that argument on appeal).

We further agree with respondent that Wang's contention that the time limit for filing his motion to reopen should have been equitably tolled based on the alleged ineffectiveness of counsel was neither presented to the IJ nor advanced on appeal to the BIA. Thus, that issue is not appropriately before this Court. See Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir.2005) ("To exhaust a claim ... an applicant must first raise the issue before the BIA or IJ."). As for petitioner's claim that the BIA's streamlining process is a deprivation of his constitutional right to due process under the Fifth Amendment, we rejected such a challenge in Dia v. Ashcroft, 353 F.3d 228, 238 (3d Cir. 2003). We have considered Wang's other due process challenges, and find them meritless.

Having found no abuse of discretion on the part of the IJ in denying Wang's

4

untimely filed reopen motion, we will deny the petition.