**BEN LO CHEN, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

No. 07–1468.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 16, 2008.

Filed April 18, 2008.

Lawrence Spivak, Esq., New York, NY, for Petitioner.

Richard M. Evans, Esq., Sada Manickam, Esq., Christopher P. McGreal, Esq., Aviva L. Poczter, Esq., Emily A. Radford, Esq., Washington, DC, for Attorney General of the United States.

Before: FUENTES, WEIS and GARTH, Circuit Judges.

## OPINION

PER CURIAM.

Ben Lo Chen petitions for review of the Board of Immigration Appeals' January 18, 2007, order denying his motion to reopen his immigration proceedings. We will deny the petition.

Chen, a native and citizen of China, entered the United States on October 1, 1992. On the same day, the former Immigration and Naturalization Service ("INS") charged him with excludability under INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant not in possession of a valid visa or passport or exempt from presentation of same. In February 1993, Chen filed an application for asylum and withholding of deportation. In April 1993, the IJ held a merits hearing where Chen, who was unmarried at the time, testified that he feared he might someday be subjected to persecution in China on account of China's family planning laws. Chen further testified that some relatives were fined after the birth of their first child. The IJ denied Chen's requests for relief on the grounds that Chen had not demonstrated any political opinion that would subject him to future persecution and that Chen's fear of future persecution was speculative given that he was currently unmarried. Chen appealed to the BIA. On April 7, 1999, the BIA issued an order sustaining Chen's appeal, and remanding the case back to the IJ for further proceedings due to changes in the definition of a refugee that were made pursuant to the Illegal Immigration Reform and Immigration Responsibility Act of 1996, (IIRIRA), Pub.L. No. 104–208, 110 Stat. 3009. Concluding the record was stale, the BIA ordered the IJ to consider current country conditions and "give the applicant an opportunity to address any changes that have occurred since the IJ's decision."

On remand, Chen, who was still single at the time, again testified before the IJ. Chen's attorney stated that he had no objection to the IJ finding that Chen had abandoned any potential CAT claims. On September 8, 1999, the IJ issued a new oral decision which again denied Chen's application for asylum and withholding of deportation. The IJ reasoned that Chen was credible, but had not established statutory eligibility for the relief sought. The IJ held that Chen's general fear that he might someday be subjected to China's family planning policies did not provide a basis for relief. Chen appealed, but the BIA affirmed without a separate order on July 19, 2002.

Approximately four years later, in July 2006, Chen filed a *pro se* motion to reopen with the BIA alleging that he feared persecution because he was now married and had two children who were born in the

United States. Chen contended that he would be faced with severe penalties and punishment if he were returned to China. In support of his claim, Chen alluded to reports in "major newspapers" that China still persecuted people with more than one child. Chen also purported to quote a section of the 2005 Department of State Country Report for China[1] about instances of torture, mistreatment of prisoners, and about violence against women, "including imposition of a coercive birth limitation policy ..." Chen also alleged a fear of future prosecution because he had left China illegally and attempted to assert a claim for relief under CAT.

On January 18, 2007, the BIA denied the motion to reopen because it had been filed more than 90 days after the BIA dismissed Chen's appeal. The BIA held that "the birth of the applicant's two children in the United States and his marriage do not constitute a change in circumstances arising in the country of nationality which would create an exception to the time and numerical limitations for filing a motion to reopen." The BIA further held that, to the extent his motion to reopen for protection under CAT could be considered, Chen "failed to demonstrate that the Chinese government would likely subject him to mistreatment rising to the level of torture." Chen filed a timely, counseled petition for review.

Although we have jurisdiction to review the BIA's order denying Chen's motion to reopen, *see, e.g., Ezeagwuna v. Ashcroft,* 325 F.3d 396, 405 (3d Cir.2003), the scope of our review is quite limited.[2] *See INS v.*

*Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). Under the regulations, the Board "has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). As the Supreme Court has stated, the regulations "plainly disfavor" such motions. *INS v. Abudu,* 485 U.S. 94, 110, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Accordingly, the Court reviews the Board's denial of a motion to reopen for abuse of discretion with "broad deference" to its decision. *Ezeagwuna,* 325 F.3d at 409 (quotation omitted). Thus, in order to succeed on the petition for review, Chen must ultimately show that the Board's discretionary decision was somehow arbitrary, irrational, or contrary to law. *See Tipu v. INS,* 20 F.3d 580, 582 (3d Cir.1994) (quotation omitted). Chen has failed to make such a showing.

▬ Chen does not dispute that he filed an untimely motion to reopen. Instead, he argues that his motion should be considered pursuant to one of the exceptions to the time and number restrictions applicable to such motions. *See* 8 C.F.R. § 1003.2(c)(2). Here, as discussed above, the BIA found that the birth of Chen's two children in the United States and his marriage do not constitute "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered," as required by INA § 240(c)(7)(C)(ii) and 8 C.F.R. § 1003.2(c)(3)(ii) in order to avoid applica-

---

1. Although Chen's motion to reopen stated that he was attaching the 2005 Country Report for China as an exhibit, the motion in fact attached the 2004 Country Report, which was released in February 2005.

2. Chen concedes, as he must, that our review does not extend to the BIA's original final removal order. *See Stone v. INS,* 514 U.S.

386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *Nocon v. INS,* 789 F.2d 1028, 1033–34 (3d Cir.1986). Moreover, Chen's appellate brief does not challenge the BIA's denial of his claim for relief under CAT. Therefore, Chen has waived any argument concerning this issue. *See United States v. Quillen,* 335 F.3d 219, 224 (3d Cir.2003).

tion of the time and numerical limitations for motions to reopen. *In Re: J–W–S–,* 24 I. & N. Dec. 185 (BIA June 7, 2007). We agree that Chen's changed personal circumstances are distinct from changed circumstances arising in China. *See Wang v. Board of Immigration Appeals,* 437 F.3d 270, 273 (2d Cir.2006); *Zhao v. Gonzales,* 440 F.3d 405, 407 (7th Cir.2005) (per curiam). Furthermore, Chen failed to otherwise demonstrate changed circumstances arising in China justifying the reopening of his asylum proceedings. Although Chen asks us to take judicial notice of an affidavit from demographer John Aird that was submitted in another case before this Court, this affidavit is not a part of the administrative record here, and is therefore beyond the scope of our review. *See* INA § 242(b)(4)(A), 8 U.S.C. § 1252(b)(4)(A) ("the court of appeals shall decide the petition only on the administrative record on which the order of removal is based."); *McAllister v. Attorney General,* 444 F.3d 178, 190 (3d Cir.2006).

■ Finally, Chen's argument that his due process rights were violated because the BIA's summary disposition of his motion to reopen was "based upon conflicting evidence" is without merit. This argument is essentially a reformulation of Chen's argument that the BIA abused its discretion in denying his motion to reopen and, as discussed above, Chen has failed to make such a showing. In any event, even assuming *arguendo* that Chen has articulated a right that was protected by due process, he has not shown that he was deprived of due process here.

Having found no abuse of discretion on the part of the BIA in denying Chen's

* Honorable Paul R. Michel, Chief Judge, United States Court of Appeals for the Federal

untimely filed motion to reopen, we will deny the petition for review.