

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-9-2008

# Fazil v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3791

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Fazil v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1249.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1249

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3791

MUBASHIR FAZIL,
                                    Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,
                                    Respondent

On Review of a Decision of the
Board of Immigration Appeals
(Agency No. A79-708-046)
Immigration Judge: Honorable Annie Garcy

Submitted Under Third Circuit LAR 34.1(a)
April 23, 2008

Before:  AMBRO, FISHER and JORDAN, <u>Circuit</u> <u>Judges</u>

(Filed: May 9, 2008)

OPINION

PER CURIAM

        Petitioner, Mubashir Fazil, petitions for review of a final order of the Board of

Immigration Appeals ("BIA").  For the reasons that follow, we will deny the petition.

        Fazil is a citizen and native of Pakistan who entered the United States in

November 2000 with a B-2 visa. He was charged as an overstay and placed in removal proceedings on February 13, 2003. Fazil thereafter requested asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). In an interlocutory decision, the Immigration Judge ("IJ") denied the asylum application as untimely. At a subsequent merits hearing, Fazil's attorney withdrew the request for CAT relief and proceeded solely on the application for withholding of removal. At the conclusion of the hearing, the IJ denied Fazil the requested relief.

While the IJ noted concern regarding the plausibility of some of Fazil's stories and the veracity of parts of his testimony, she did not render an adverse credibility determination. Instead, the IJ concluded that Fazil was not entitled to withholding of removal because he failed to establish that the persecution he fears in the future is on account of any protected ground. The IJ noted that the only possible applicable ground would be on account of political opinion. Although the Supreme Court recognized the possibility of imputed political opinion in INS v. Elias Zacharias, 502 U.S. 478 (1992), the IJ nonetheless determined that Fazil failed to establish this ground as well. Accordingly, Fazil was denied relief in the form of withholding of removal, but was granted voluntary departure.

The BIA affirmed the IJ's decision in an order dated October 17, 2005. The BIA stated that "[e]ven assuming, without deciding, that [Fazil] testified credibly, we find that [Fazil] failed to establish a 'clear probability' of persecution on account of a protected ground." See BIA Order at 1.

2

Fazil thereafter filed a motion to reopen/remand with the BIA. In that motion, Fazil asserted that he had married a United States citizen on June 7, 2004, that his wife had filed an I-130 petition on his behalf on June 14, 2004, and that the petition was still pending. Citing Matter of Velarde, 23 I&N Dec. 253 (BIA 2002), Fazil offered the pending I-130 petition as a basis for reopening the proceedings to allow him to seek adjustment of status. Fazil further asserted that reconsideration of the BIA's order of dismissal was warranted given the evidence of harm to petitioner's brother and the attempted kidnapping of his children – acts which, according to Fazil, demonstrate that the extremist group he fears is still active in Pakistan and is a group over which the government is unable or unwilling to exercise control.

Fazil's motion to reopen fared no better than his original appeal and was denied by the BIA in an order dated February 15, 2006. The BIA concluded that its decision in Matter of Velarde was not pertinent to Fazil's case given the fact that he knew his visa application was pending when the proceedings were still with the IJ, yet he failed to pursue the requested relief at that time or to request any other action. See BIA Order at 1, citing transcripts at 49-52. Additionally, the BIA concluded that reopening under the holding in Velarde was not warranted as Fazil's motion was not supported by a completed adjustment application or sufficient evidence of the bona fides of the marriage. The BIA further determined that Fazil was not entitled to reconsideration of its determination finding him ineligible for withholding of removal given his failure to identify any error in the IJ's finding, that he failed to demonstrate that any of the harm he allegedly

3

experienced was on account of a protected ground, and given his failure to address noted concerns regarding the veracity of his claim.

Fazil, through counsel, filed a timely petition for review with the United States Court of Appeals for the Second Circuit together with a motion for a stay of removal. Upon stipulation of the parties and in accordance with INA § 242(b)(2), 8 U.S.C. § 1252(b)(2), the Second Circuit transferred the petition to this Court in light of the fact that the administrative proceedings were conducted and completed by an IJ sitting in Newark, New Jersey. We previously denied Fazil's stay motion and his petition for review is now ripe for disposition.

Fazil limits his petition for review to a challenge of the BIA's denial of his reconsideration motion and its original conclusion that he failed to establish that he is being targeted on account of an imputed political opinion. Initially, we note our agreement with respondent's contention that we lack jurisdiction to consider the merits of Fazil's withholding of removal claim because he did not timely appeal the BIA's decision of October 17, 2005. See INA § 242(b)(1), 8 U.S.C. § 1252(b)(1). Thus, our review extends only to the BIA's order denying Fazil's motion seeking reconsideration. See Stone v. INS, 514 U.S. 386, 405 (1995); Nocon v. INS, 789 F.2d 1028, 1033-34 (3d Cir. 1986).

A motion for reconsideration must "specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1). Regulation 1003.2(a) provides that the "decision to grant or deny a

4

motion to ... reconsider is within the discretion of the Board." 8 C.F.R. § 1003.2(a). Accordingly, we review the BIA's determination with respect to Fazil's motion with "broad deference" to its decision. Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003). In order to succeed on the petition for review, Fazil must show that the BIA's discretionary decision was somehow arbitrary, irrational, or contrary to law. See Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994). After careful review, we must conclude that the BIA did not abuse its discretion in denying Fazil's motion. See Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001).

Fazil's reconsideration motion – which, we note, was not filed by current counsel – falls far short of specifying errors of law or fact in the BIA's previous order and is so lacking in pertinent authority that we would be hard pressed to conclude that the BIA acted arbitrarily, irrationally or contrary to law by denying it. Respondent accurately points out that Fazil's most relevant argument presented to the BIA in his reconsideration motion involves his contention that "[t]he Immigration Judge failed to take administrative notice of the fact that said group is influential with the masses, operates nationwide, and is notorious for implementing its death threats against persons who are in the opposite fence." See Admin. Rec. at 11, ¶ 18. The IJ's Oral Decision, however, indicates that she did, in fact, consider Fazil's submissions, which included information about the Lashkar-e-Tayyaba organization, including specific news articles Fazil submitted noting that the "fundamentalist organization utilizes terrorism in order to effect its platform." See id. at 54. With such a limited challenge, we can find no abuse of discretion on the part of the

5

BIA in concluding that Fazil failed to identify any error in the IJ's ultimate finding that petitioner had not met his burden of demonstrating that any harm he allegedly experienced was on account of a protected ground, and thus in denying his reconsideration motion.

Accordingly, for the foregoing reasons, we will deny the petition for review.