

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-19-2006

# Thomas v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3286

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Thomas v. Atty Gen USA" (2006). *2006 Decisions.* Paper 314.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/314

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-3286

_____

SEAN NICHOLAS THOMAS
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

_____

On Petition for Review from the
Board of Immigration Appeals
(BIA No. A26-142-057)

Initially Docketed as an Appeal from EDPA No. 04-cv-03513
Prior to the Enactment of the Real ID Act of 2005

Immigration Judge:  Charles M. Honeyman

_____

Submitted Under Third Circuit LAR 34.1(a)
September 28, 1006
Before: RENDELL, ROTH, GIBSON*, <u>Circuit Judges</u>.

(Filed October 19, 2006)

_____

OPINION OF THE COURT

_____

_____

  *  Honorable John R. Gibson, Judge of the United States Court of Appeals for the
     Eighth Circuit, sitting by designation.

RENDELL, Circuit Judge.

Sean Thomas petitions for review of the denial of his motion to reopen and reconsider his eligibility for relief from removal. For the reasons provided below, we will grant Thomas's petition and remand this case for proceedings consistent with this opinion.

**I.**

Thomas appeals an order by the Bureau of Immigration Affairs denying as untimely his motion to reopen his case. Having conceded he is statutorily removable on account of a gun conviction, Thomas had initially petitioned the BIA for relief from removal in light of his pending application for an immigrant visa ("the I-130") and his application for naturalization which was also pending. The BIA denied the motion, but it stated that in "the event that the Department [of Homeland Security] approves either the respondent's application for naturalization or the visa petition, he may file a timely motion to reopen on that basis." The BIA thus made clear that, but for the absence of an approved I-130 or naturalization application, Thomas would have a claim deserving to be heard on the merits. Thomas had 90 days to move the BIA to re-open the case, 8 C.F.R. § 1003.2(c)(2), but lacked reason to do so until either application was approved.

The I-130 was approved on May 21, 2004. Counsel was notified by the Department of Homeland Security (DHS) on May 26, 2004. He filed a motion to reopen

with the BIA the next day, May 27, 2004, and the BIA received the motion on the 28th. The BIA denied the motion as untimely, the 90-day deadline having elapsed on the 27th.

**II.**

The nature of the relationship between DHS and the BIA is such that applicants seeking adjustment of status from the BIA are often dependent on the actions (not to mention the alacrity) of a separate agency, DHS. In many cases, applications for forms such as the I-130 may receive approval well after such approval outlives its usefulness to the petitioner. In cases such as these, the role of the BIA and the Court of Appeals is necessarily circumscribed.

On the instant facts, however, approval of the I-130 occurred prior to the 90-day deadline. This case thus falls into a far narrower category, and attempts to reopen premised on visa applications approved after the 90-deadline are not before us. In this case, the DHS approval arrived days before the deadline, and there is no dispute that the loss of time between approval and notification of the attorney was due to DHS. The attorney upon being notified reacted and contacted the BIA as quickly as possible. There is no contention by the Government that Thomas's counsel acted with anything less than the utmost haste. Moreover, the BIA had previously expressed its willingness to consider petitioner's claim, and noted that an approved application would allow the case to be reopened if deemed timely.

We note that the BIA Practice Manual deems a motion filed when it is received by the BIA, not when it is mailed. *See* BIA Practice Manual § 3.1(a)(I) (2004). However, the BIA does not interpret the 90-day deadline as being ironclad. *See* BIA Practice Manual § 3.1(b)(iv) (2004) ("Postal or delivery delays do not affect existing deadlines, nor does the Board excuse untimeliness due to such delays, *except in rare circumstances*.") (emphasis added); BIA Practice Manual § 4.7(d) (2004) ("The Board has the discretion to consider a late-filed brief, but does so rarely."). It is not apparent from the BIA's cursory opinion in this matter whether such consideration was given in this case to the delay from DHS, the actions taken by counsel, or the apparently meritorious claim Thomas presents.

## III.

We believe it appropriate that we remand Thomas's petition for review to the BIA for further consideration in light of his approved I-130, the extremely minor delay which caused no prejudice to any party, and the BIA's stated willingness to consider the merits of the claim. For these reasons we will REMAND the petition to the BIA for further proceedings not inconsistent herewith.