

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-27-2009

# Patel v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2452

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Patel v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1986.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1986

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 07-2452 & 07-2877
_____

MIHIR PATEL,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

JAYANTKUMAR BHAKTIBHAI PATEL,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

Petitions for Review of Orders of the
United States Department of Justice
Board of Immigration Appeals
(Agency Nos.  73-669-725 & A72-436-644)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 21, 2009

Before:  RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Filed:  January 27, 2009)
_____

OPINION OF THE COURT
_____

PER CURIAM

Jayantkumar Patel and his son, Mihir Patel, seek review of an order of the Board

of Immigration Appeals ("BIA") denying reopening of their agency case.[1]  In 1999, an

Immigration Judge ("IJ") sustained charges of removability against the Patels and denied

Jayantkumar Patel's application for asylum and withholding.  The IJ permitted the Patels

to depart voluntarily.  In 2002, the BIA affirmed the IJ's decision without opinion and

also allowed voluntary departure.  The Patels did not petition for review of the BIA's

decision.

On February 16, 2006, Jayantkumar Patel ("Patel") filed a "motion to reopen

and/or reconsider."  He explained that Vishnu Patel, his brother and a United States

citizen, filed an I-130 Petition in 1994 that was approved in 1995.  He stated that neither

he nor the Government told the IJ about the approved I-130 Petition.  Patel also submitted

---

[1]Although the Patels and the Government proceed as if the petition for review of
Manguben Patel (Jayantkumar's wife and Mihir's mother) is before us in this
consolidated matter, we dismissed her petition for failure to prosecute in January 2007.
Patel v. Attorney Gen. of the United States, C.A. No. 06-4444 (order entered on Jan. 16,
2007).  Counsel for the Patels sought consolidation of Jayantkumar and Mihir Patel's
petitions before we dismissed Manguben Patel's case, but counsel did not mention
Manguben Patel's petition when she asked us to consolidate C.A. Nos. 07-2452 & 07-
2877 because "these two cases involve a brother and sister in the same family and their
claims are based upon the exact same facts and record."  We note, however, that
Manguben Patel was denied relief for the same reasons as her husband and her son (the
reasons we consider in this opinion).  It seems that the BIA mailed separately captioned
but otherwise identical orders to the three family members, App. A1, A3, A5, although
the order naming Jayantkumar Patel is the only one of the three orders in the
administrative record, R. 2.

2

that Bhaktibhai Patel, his father and a United States citizen, also filed an I-130 Petition in 2001, which was approved in July 2005. In September 2005, the State Department notified him that it had received the visa petition filed on his behalf and asked him to file a choice of agent and address form. He returned the form and subsequently paid the visa fees for himself, his wife, and his son. Patel states that the availability of a visa is a material fact that was unavailable at his hearing. He asked the BIA to consider his "new evidence" and added a sentence to contend that he was entitled to a grant of withholding and cancellation of removal. Additionally, Patel stated that his removal would cause extreme and undue hardship for his aged parents, who depend on him for support, and would separate him from all his family members, who are living as citizens or permanent residents of the United States. The BIA denied the motion to reopen as untimely.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review an order denying a motion to reopen or a motion for reconsideration under a highly deferential abuse of discretion standard. See Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004); Nocon v. INS, 789 F.2d 1028, 1033 (3d Cir. 1986). The BIA's discretionary decision will not be disturbed unless it is found to be arbitrary, irrational or contrary to law. See Guo, 386 F.3d at 562.

The BIA did not abuse its discretion in denying the motion to reopen as untimely.[2]

_____

[2]We conclude, as the BIA apparently did by its description of the motion filed in this case, that the motion was a motion to reopen, not a motion for reconsideration, because Patel did not specify errors of fact or law. See 8 C.F.R. § 1003.2(b)(1). We note that

3

Most motions to reopen must be filed no later than 90 days after the date of the final administrative decision. See 8 C.F.R. § 1003.2(c)(2). The general rule is subject to some exceptions, see 8 C.F.R. § 1003.2(c)(3), but no exception applies in this case. Patel seemingly tried to invoke the exception of 8 C.F.R. § 1003.2(c)(3)(ii) in the agency proceedings, because he described the evidence relating to the visa petitions as material and unavailable. However, the exception that considers new material evidence that was previously unavailable is limited to claims of changed conditions in the country of nationality or the country to which removal has been ordered. See 8 C.F.R. § 1003.2(c)(3)(ii).

The petitioners also contend that the time period for reopening should have been equitably tolled. Under some circumstances, the time limit is subject to equitable tolling. See Borges v. Gonzales, 402 F.3d 398, 406 (3d Cir. 2005). However, we cannot consider the issue of equitable tolling because it was not raised in the motion to reopen before the agency. See Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir. 2005). Furthermore, we never have held that equitable tolling is warranted for the time during which an I-130 petition is pending after the time limit for reopening has passed.[3]

_____

Patel did not meet the deadline for filing a motion to reconsider, either, as that deadline is only 30 days from the mailing of the BIA's order. See id. at § 1003.2(b)(2).

[3]We note that the petitioners heavily rely on Thomas v. Attorney Gen. of the United States, 201 F. App'x 131 (3d Cir. 2006). First, Thomas is an unpublished decision. Second, its unusual facts are distinguishable from this case. Third, in that case, we noted:

The nature of the relationship between DHS and the BIA is such that

4

In short, the BIA entered a final order of removal in the Patels' agency proceedings in November 2002. The Patels had 90 days to move to reopen the proceedings. No motion to reopen was filed until February 2006, at the earliest (at first rejected by the BIA, it had to be refiled in March 2006). The BIA did not abuse its discretion in denying the late-filed motion as untimely. Accordingly, we will deny the petitions for review.

---

applicants seeking adjustment of status from the BIA are often dependent on the actions (not to mention the alacrity) of a separate agency, DHS. In many cases, applications for forms such as the I-130 may receive approval well after such approval outlives its usefulness to the petitioner. In cases such as these, the role of the BIA and the Court of Appeals is necessarily circumscribed.

Thomas, 201 F. App'x at 132.