NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1686
_____

JIAN HUA WENG,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                            Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-380-418)
Immigration Judge:  Honorable Annie Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 7, 2010

Before:  SCIRICA, SMITH and VANASKIE, <u>Circuit Judges</u>

(Filed: December 9, 2010)
_____

OPINION OF THE COURT
_____

<u>PER CURIAM</u>.

Jian Hua Weng, a native and citizen of the People's Republic of China, entered the

United States in 2007 without inspection or parole.  The Government charged him with

removability, which he conceded.  Weng sought asylum, withholding, and relief under

the Convention Against Torture ("CAT") related to his wife's sterilization and his resistance to Chinese population control policies. The Immigration Judge ("IJ") denied his applications, and the Board of Immigration Appeals ("BIA") dismissed Weng's subsequent appeal on July 24, 2009. Weng filed a motion for reconsideration on August 13, 2009, arguing that the BIA should have better considered his argument that he showed other resistance to China's family planning policy and that he had a valid CAT claim which was not considered by the IJ below. The BIA denied his motion on February 18, 2010.

On March 13, 2010, Weng filed a petition for review. In the petition itself, he states that he is seeking review of the February 18, 2010 order denying his motion for reconsideration. In his appellate brief, however, he only mentions the February order, stating instead that he appeals from the BIA order dismissing his appeal. He argues that the BIA erred in concluding that he had not suffered past persecution on account of other resistance and that he did not have a well-founded fear of future persecution, and also in ruling that he was not entitled to asylum, withholding, and CAT relief. (We note that the initial list of arguments in Weng's *pro se* brief includes a challenge to an adverse credibility finding. The Government cites the initial list and states that the brief exclusively addresses those issues; we note, however, that the credibility issue was not addressed. That it was not discussed further is unsurprising, as the IJ made no specific credibility finding, and the BIA considered Weng to have testified credibly.)

First, we consider the scope of our review.  The arguments Weng raises in his brief largely relate to the BIA's order dismissing his administrative appeal.  However, that order was final on July 24, 2009, and Weng did not file a petition for review from it within the 30 days permitted by statute,  see 8 U.S.C. § 1252(b)(1).  Because the time limit is mandatory and jurisdictional, we cannot review the July order.  See McAllister v. Attorney Gen. of the United States, 444 F. 3d 178, 185 (3d Cir. 2006).  Weng's later petition for review from the order denying the motion for reconsideration cannot serve as a challenge to the earlier order.  See Stone v. INS, 514 U.S. 386, 405 (1995); Nocon v. INS, 789 F. 2d 1028, 1033 (3d Cir. 1986).  Accordingly, we must dismiss the petition for review to the extent that Weng is seeking to challenge the July order.

The question then is whether Weng presents in his brief a challenge to the order denying the motion for reconsideration that we can review under 8 U.S.C. § 1252(a).  The Government argues that Weng abandoned any such challenge by failing to include an argument relating to the relevant BIA decision (and alternatively urges us to reject Weng's petition on the merits).  Although the matter is not entirely free from doubt, in light of Weng's *pro se* status, as well as his statement that "the main issue on appeal" is whether his activities constituted other resistance and his argument that the agency did not consider his CAT claim – the very issues he raised in his motion for reconsideration – we conclude that he presents a challenge to the February order.

We review an order denying a motion for reconsideration under a highly deferential abuse of discretion standard.  See Nocon, 789 F.2d at 1033.  We do not

3

disturb the BIA's discretionary decision unless it is arbitrary, irrational or contrary to law. See Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004).

Upon review, we conclude that the BIA did not err in denying Weng's motion for reconsideration because Weng did not raise an error of law or fact. The IJ and the BIA had considered his CAT claim (and rejected it because it was not more likely than not that he would be tortured on return to China, see Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir. 2003), a conclusion supported by the record).

Also, Weng's argument relating to "other resistance" did not entitle him to relief. The spouse of someone who was sterilized can claim refugee status if he or she can demonstrate actual persecution for resisting a country's coercive family planning policy, or a well founded fear of future persecution for doing so. See Lin Zheng v. Attorney Gen. of the United States, 557 F.3d 147, 157 (3d Cir. 2009) (*en banc*). Without repeating all the details in the record (which we have reviewed), we summarize that Weng arrived at a hospital hoping to stop the forced sterilization of his wife.

Whether or not his actions constituted resistance, Weng cannot show that he was persecuted for his actions or that he has a well-founded fear of future persecution because of them. He did suffer mistreatment at the hands of the hospital guards, but being pushed and kicked and locked in a room for two hours does not rise to the level of persecution. An isolated incident that does not result in serious injury is not considered persecution. See Voci v. Gonzales, 409 F.3d 607, 615 (3d Cir. 2005); see also Kibinda v. Attorney Gen. of the United States, 477 F.3d 113, 117 (3d Cir. 2007) (holding that a five day

4

detention, during which a guard threw a heavy object at the petitioner, causing an injury requiring seven stitches, did not constitute persecution).  As the IJ noted, Weng did not present any evidence about anything that happened after the sterilization to suggest that he would be subject to future persecution (as the IJ put it, there was no evidence that the Chinese government even noticed Weng's actions).  For these reasons, to the extent that Weng challenges the order denying his motion for reconsideration, we must deny the petition for review.